UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RANDALL C. HOLMAN | : | CASE NO. 3:02-CV-1523(CFD) |
| | : | |
| V. | : | |
| | : | |
| JOHN CASCIO and MICHAEL D'AMATO | : | JULY 30, 2004 |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

The Defendants hereby file this Memorandum of Law in support of their Motion for Summary Judgment dated July 30, 2004.

**I:   FACTS**

On October 29, 1997, the plaintiff, Randall Holman, was arrested by the defendants, Officer John Cascio and Officer Michael D'Amato, for breach of peace, criminal trespass in the first degree, and interfering with an officer.  Complaint, ¶ 7; Deposition Transcript of Randall Holman dated March 11, 2004, attached to Defendants' Local Rule 56(a)(1) Statement, (hereinafter "Plaintiff's Depo."), pg. 61, lines 11-23 and pg. 112, lines 15-20.  At the time of the arrest, Officers Cascio and D'Amato were members of the East Haven Police Department.  Complaint ¶3.

1
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\MOTION FOR SUM JUDGE MEMO OF LAW 7-30-04.DOC

Following the arrest, Officer Cascio prepared a written report regarding the circumstances surrounding the plaintiff's arrest (attached hereto).  Thereafter, the three criminal charges against the plaintiff were nolled by an Assistant State's Attorney in the Connecticut Superior Court.  Complaint ¶11; Plaintiff's Depo. pg. 187, lines 15-19.

On August 23, 2002, the plaintiff brought this action alleging that the defendants are liable pursuant to 28 U.S.C. §1983 for violating his Fourth Amendment rights by falsely arresting and maliciously prosecuting him.  Complaint, ¶¶7-9, 12.

II:     **LEGAL STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure requires the entry of summary judgment where the moving party "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c).  A "material fact" is one whose resolution will affect the ultimate determination of the case.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).  In determining whether a genuine issue of material fact exists, the court must resolve all ambiguities and draw all inferences against the moving party.  <u>Id</u>. at 255.  However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that

2
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\MOTION FOR SUM JUDGE MEMO OF LAW 7-30-04.DOC

there be no genuine issue of material fact." <u>Samuels v. Smith</u>, 839 F.Supp. 959, 962 (D.Conn. 1993).

The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but … must set forth specific facts that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 256. Thus, when the moving party has satisfied its burden of identifying evidence which demonstrates the absence of a genuine issue of material fact, the non-moving party is required to go beyond the pleadings by way of affidavits, depositions, and answers to interrogatories in order to demonstrate a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). Equally important, the non-moving party must produce evidence to show the existence of every element essential to its claim which it bears the burden of proving at trial. <u>Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.</u>, 812 F.2d 141, 144 (3d Cir. 1987).

III:    LEGAL ARGUMENT

The plaintiff has not alleged and cannot prove an essential element of his false arrest and malicious prosecution claims – namely, that the underlying criminal

3
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\MOTION FOR SUM JUDGE MEMO OF LAW 7-30-04.DOC

proceedings were terminated in his favor.  Since the plaintiff cannot satisfy his burden of proving this element, the defendants are entitled to judgment as a matter of law.

> A. **Plaintiff Cannot Maintain His Malicious Prosecution Claim Because He Cannot Prove That the Underlying Criminal Proceedings Terminated in His Favor.**

It is clearly established in this Circuit that a plaintiff must prove that the underlying criminal prosecution was terminated in his favor in order to maintain a malicious prosecution claim pursuant to §1983.  <u>Singleton v. City of New York</u>, 632 F.2d 185, 195 (2d Cir. 1980).  "Proceedings are 'terminated in favor of the accused' **only** when their final disposition is such as to indicate the accused is not guilty."  <u>Id</u>. at 193.  (Emphasis added).  Here, the plaintiff's criminal charges were nolled.  Since a nolle fails to indicate that the accused is not guilty, the plaintiff cannot demonstrate favorable termination of the underlying criminal charges.  <u>Assegal v. Bloomfield Board of Education</u>, 308 F.Supp.2d 65, 70-71 (D. Conn. 2004) (Underhill, J.) ("A nolle is not a final disposition in the plaintiff's favor for the purposes of a malicious prosecution claim.").  Thus, the malicious prosecution claim must be dismissed.

For instance, in <u>Assegal</u>, *supra*, the plaintiff brought a §1983 action against a municipality and its police officers claiming that he was maliciously prosecuted.  <u>Id</u>. at

4
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\MOTION FOR SUM JUDGE MEMO OF LAW 7-30-04.DOC

68.  However, the plaintiff's underlying criminal charges had been previously nolled by the prosecution.  <u>Id</u>.  The defendants moved for summary judgment claiming that the nolle did not constitute a favorable termination and, therefore, the plaintiff could not maintain his malicious prosecution claim.  <u>Id</u>. at 70.  The <u>Assegal</u> court granted the defendants motion and held that the nolle was not a final disposition in the plaintiff's favor for purposes of his claim.  <u>Id</u>.  Relying on the Second Circuit Court's rationale in <u>Singleton</u>, the court found that a "nolle is simply a statement by the prosecution that it will not be pursuing the case at this time; it does not foreclose the possibility that, if prosecuted, the plaintiff would have been found guilty."  <u>Id</u>. at 71.

Likewise, in the present case, the plaintiff has brought a malicious prosecution claim pursuant to §1983 against two police officers.  The underlying criminal charges to this claim were previously nolled by the prosecution.  Since the nolle is not a final disposition in the plaintiff's favor, the plaintiff cannot prove all of the elements required to maintain a malicious prosecution claim.  Therefore, the defendants are entitled to judgment as a matter of law.

5

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\MOTION FOR SUM JUDGE MEMO OF LAW 7-30-04.DOC

      B.      **Plaintiff Cannot Maintain His False Arrest Claim Because He Cannot Prove That the Underlying Criminal Proceedings Terminated in His Favor.**

It is also clearly established in this Circuit that an essential element of a false arrest claim pursuant to §1983 is that the underlying criminal proceedings terminated in the plaintiff's favor.  <u>Johnson v. Bax</u>, 63 F.3d 154, 159 (2d Cir. 1995).  <u>See</u> <u>also</u> <u>Roesch v. Otarola</u>, 980 F.2d 850, 853-854 (2d Cir. 1992) ("A person who thinks there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to an acquittal or an unqualified dismissal, or else waive his section 1983 claim.").

For instance, this Court recently found that the Second Circuit in <u>Roesch v. Otaro</u>la, *supra*, held that the requirement that the criminal prosecution be resolved in the plaintiff's favor "is part of a false arrest claim under Connecticut law and thus is imported into a §1983 false arrest claim in this District.  As a result, the accrual of a cause of action in the District of Connecticut for false arrest under §1983 occurs only when this element is also satisfied."  <u>Whitehorn v. Bridgeport Police Department</u>, 2004 WL 1576706, *3 (D.Conn. July 8, 2004) (Droney, J.).  <u>See</u> <u>also</u> <u>White v. Wortz</u>, 66 F.Supp.2d 331, 334 (D.Conn. 1999) (Eginton, J.) ("Under Connecticut law, and under 42

6
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\MOTION FOR SUM JUDGE MEMO OF LAW 7-30-04.DOC

U.S.C. Section 1983, to establish a claim of false arrest the prosecution must have been terminated in plaintiff's favor."); <u>Beberaggi v. New York City Transit Authority</u>, 1994 WL 75144, *5 (S.D.N.Y. March 9, 2994) ("In short, the Second Circuit now requires the plaintiff to demonstrate a favorable termination of criminal proceedings if he is to prevail on a constitutional claim of false arrest.").

As demonstrated above, the plaintiff in the present case cannot satisfy this requirement because the criminal charges were nolled.  Again, a nolle does not constitute termination of the criminal proceedings in the plaintiff's favor.  For instance, in <u>Birdsall v. City of Hartford</u>, 249 F.Supp.2d 163 (D. Conn. 2003) (Underhill, J.), the plaintiff brought a §1983 action against police officers, among others, claiming false arrest.  It was undisputed that the underlying criminal charges had previously been nolled.  <u>Id</u>. at 168.  The court granted the officers' motion for summary judgment holding that the nolle does not constitute favorable termination of the underlying criminal proceeding.  <u>Id</u>. at 171.  Therefore, the officers were entitled to judgment as a matter of law.

7

L<small>YNCH</small>, T<small>RAUB</small>, K<small>EEFE AND</small> E<small>RRANTE</small>, P. C.   A<small>TTORNEYS AT</small> L<small>AW</small>
52 T<small>RUMBULL</small> S<small>TREET</small>   P.O. <small>BOX</small> 1612   N<small>EW</small> H<small>AVEN</small>, C<small>ONNECTICUT</small> 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\E<small>AST</small> H<small>AVEN</small>\H<small>OLMAN</small>, R<small>ANDALL</small>\M<small>OTION FOR</small> S<small>UM</small> J<small>UDGE</small> M<small>EMO OF</small> L<small>AW</small> 7-30-04.<small>DOC</small>

Likewise, in the present case, the plaintiff's criminal charges were nolled. Since a nolle does not constitute a favorable termination of the underlying proceedings, the defendants are entitled to judgment as a matter of law on the false arrest claim.

IV.    CONCLUSION

For the foregoing reasons, the defendants respectfully request that this Court grant their Motion for Summary Judgment as there are no genuine issues of material fact and they are entitled to judgment as a matter of law.

> RESPECTFULLY SUBMITTED,
> THE DEFENDANTS
> JOHN CASCIO and MICHAEL D'AMATO
>
> BY: _____
> HUGH F. KEEFE, ESQ.
> 52 Trumbull Street,
> P.O. Box 1612
> New Haven, CT 06596
> (203) 787-0275
> Federal Bar No. CT05106

8
Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street   p.o. box 1612   New Haven, Connecticut 06506-1612
telephone (203) 787-0275   facsimile (203) 782-0278

W:\East Haven\Holman, Randall\Motion for Sum Judge Memo of Law 7-30-04.doc

## CERTIFICATION

I hereby certify that a copy of the above was mailed on July 30, 2004 to all counsel and pro se parties of record as follows:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
Federal Bar No. ct00215

_____
Hugh F. Keefe, Esq.

9
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\MOTION FOR SUM JUDGE MEMO OF LAW 7-30-04.DOC