UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RANDALL C. HOLMAN | : | CASE NO. 3:02-CV-1523(CFD) |
| | : | |
| V. | : | |
| | : | |
| JOHN CASCIO and MICHAEL D'AMATO | : | SEPTEMBER 22, 2004 |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE

The defendants hereby submit this memorandum of law in support of their motion to strike filed simultaneously herewith.

I:   FACTS

The defendants filed a Motion for Summary Judgment on July 30, 2004.  As required by Local Rule 56(a)(1), the defendants also filed their statement of undisputed material facts.  In response, the plaintiff filed his oppositional brief and his Local Rule 56 Statement.  In the plaintiff's section of disputed issues of material fact, as defined in Local Rule 56(a)(2), the plaintiff repeated allegations made in his complaint which he deemed to be "pertinent."

1

II:	LEGAL ARGUMENT

Local Rule 56 requires a party opposing a motion for summary judgment to submit a statement listing "each issue of material fact as to which it is contended there is a genuine issue to be tried." Such statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial."

The law is clear in this circuit that genuine issues of fact are not created by conclusory allegations. <u>Heublein, Inc. v. U.S.</u>, 996 F.2d 1455, 1461 (2d Cir. 1993). More importantly, the opposing party "cannot defeat the motion [for summary judgment] by relying on the allegations in his pleadings …" <u>Gottlieb v. County of Orange</u>, 84 F.3d 511, 518 (2d Cir. 1996). If documents submitted in support or in opposition to a motion for summary judgment "contain inadmissible hearsay, conclusory statements, are incomplete, or have not been properly authenticated," a "motion to strike is appropriate." <u>Barlow v. State of Connecticut</u>, 319 F.Supp.2d 250, 257 (D.Conn. 2004).

In the present case, rather than list the disputed issues as required under Local Rule 56, the plaintiff repeated paragraphs 8-11 of his complaint deeming such paragraphs to be the "pertinent allegations." There is absolutely no reference to

2

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\MOTION TO STRIKE MEMO OF LAW 9-22-04.DOC

evidence in the record and no basis for the plaintiff's conclusory characterization of the allegations. Clearly, such a repetition of the complaint's allegations does not satisfy Local Rule 56. Accordingly, this section should be stricken and not considered by this Court in determining whether to grant the defendants' motion for summary judgment.

        RESPECTFULLY SUBMITTED,
        THE DEFENDANTS
        JOHN CASCIO and MICHAEL D'AMATO

BY: _____
        HUGH F. KEEFE, ESQ.
        52 Trumbull Street,
        P.O. Box 1612
        New Haven, CT 06596
        (203) 787-0275
        Federal Bar No. CT05106

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\MOTION TO STRIKE MEMO OF LAW 9-22-04.DOC

## CERTIFICATION

I hereby certify that a copy of the above was mailed on September 22, 2004 to all counsel and pro se parties of record as follows:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
Federal Bar No. ct00215

                                              Hugh F. Keefe, Esq.

4

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\MOTION TO STRIKE MEMO OF LAW 9-22-04.DOC