UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RANDALL C. HOLMAN | : | CASE NO. 3:02-CV-1523(CFD) |
| V. | : | |
| JOHN CASCIO and MICHAEL D'AMATO | : | SEPTEMBER 22, 2004 |

## DEFENDANTS' REPLY BRIEF

The Defendants hereby reply to Plaintiff's Brief in Opposition to Motion for Summary Judgment dated August 5, 2004 (hereinafter "Plaintiff's Brief").

**I:   Plaintiff Cannot Prove Favorable Termination Element of Malicious Prosecution Claim**

First and foremost, for purposes of the motion for summary judgment, the defendants do not "assume the factual accuracy of the plaintiff's essential claims" as stated in the Plaintiff's Brief, pg. 1. Such a standard is applicable for purposes of a motion to dismiss, not a motion for summary judgment. Moreover, the material facts for this motion are not disputed– namely, the plaintiff was arrested by the defendants on October 29, 1997, those charges were nolled, and this lawsuit pertains to that arrest and the subsequent filing a report regarding said arrest.

1

Secondly, contrary to plaintiff's assertion, the Second Circuit has taken a stand on the issue of what constitutes a favorable termination for purposes of a malicious prosecution claim under §1983 in the Connecticut district courts.  In Roesch v. Otarola, 980 F.2d 850, 852 (2d Cir.), the Second Circuit made clear that a favorable termination is one which does not leave open "the question of the accused's guilt."  Moreover, the Roesch court made clear that a termination which would allow a criminal defendant to maintain a §1983 action when his or her guilt is open to question would make such a termination less desirable for the State to retain and for the courts to use because the "savings in resources from dismissing the criminal proceeding would be consumed in resolving the constitutional claims."  Id. at 853.

In the present case, the State entered a nolle prosequi on the plaintiff's charges. A nolle "involves the consent of both the prosecution and the accused and leaves open the question of the accused's guilt."  Birdsall v. City of Hartford, 249 F.Supp.2d 163, 171 (D.Conn. 2003).  Like the accelerated pretrial rehabilitation program in Roesch, a nolle leaves the accused's guilt open to question and would become a less desirable option for the State and courts to use should a criminal defendant be permitted to bring a malicious prosecution claim on the charges.  As such, a nolle does not, as a matter of

2

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\MOTION FOR SUM JUDGE REPLY BRIEF 9-22-04.DOC

law, constitute a termination in favor of the accused. Accordingly, the plaintiff cannot prove this necessary element of his malicious prosecution claim.[1]

**II:     Plaintiff Must Prove Favorable Termination as an Element of His False Arrest Claim**

The plaintiff claims that his claim for false arrest does not require proof of a favorable disposition. Plaintiff's Brief, pg. 10. However, this Court recently recognized in Whitehorn v. Bridgeport Police Department, 2004 WL 1576706, *3 (D.Conn. July 8, 2004) (Droney, J.), that "the Second Circuit held in Roesch v. Otarola, … that this element [favorable termination] is part of a false arrest claim under Connecticut law and thus is imported into a §1983 false arrest claim in this District." This Court should stand by this holding. If the underlying criminal proceeding fails to terminate in the accused's favor, then probable cause must have existed. If probable cause existed, there is no basis for a false arrest claim.

---

[1] The Plaintiff also argues that whether a termination is "favorable" is a question for a jury and cites Ricciuti v. New York City Transit Authority, 124 F.3d 123 (2d Cir. 1997. However, a closer examination of this line of thought reveals that such an issue is not to be submitted to a jury. Rather, where there is a dispute as to how a criminal proceeding was terminated, such an issue can be submitted to a jury. Here, there is no dispute that the State entered a nolle prosequi on the plaintiff's charges. Therefore, the issue of whether this constitutes a "favorable termination" should not be decided by a jury.

3

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\MOTION FOR SUM JUDGE REPLY BRIEF 9-22-04.DOC

Again, the plaintiff cannot prove this necessary element of favorable termination. Thus, the defendants are entitled to summary judgment on his false arrest claim.

III.    **State Law Claims Do Not Exist.**

In the Plaintiff's Brief, pg. 10, the plaintiff refers to his "state law claim." However, the plaintiff's Complaint dated August 23, 2002 does not raise any state law claims.  Clearly paragraphs 2 and 12 make clear that this action is based on federal law – namely, §1983.  Specifically, the plaintiff claims that he was falsely arrested and maliciously prosecuted "in violation of the Fourth Amendment to the United States Constitution."  Complaint, ¶12.  As such, it is unclear what the plaintiff is referring to in his brief.   Such last minute state law claims should not be permitted at this stage of the litigation.

RESPECTFULLY SUBMITTED,
THE DEFENDANTS
JOHN CASCIO and MICHAEL D'AMATO

BY:    _____
HUGH F. KEEFE, ESQ.
52 Trumbull Street,
P.O. Box 1612
New Haven, CT 06596
(203) 787-0275
Federal Bar No. CT05106

4

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\MOTION FOR SUM JUDGE REPLY BRIEF 9-22-04.DOC

**CERTIFICATION**

I hereby certify that a copy of the above was mailed on September 22, 2004 to all counsel and pro se parties of record as follows:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
Federal Bar No. ct00215

                                                          Hugh F. Keefe, Esq.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\MOTION FOR SUM JUDGE REPLY BRIEF 9-22-04.DOC