UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RANDALL C. HOLMAN | : | |
| | : | |
| VS. | : | NO. 3:02CV1523 (CFD) |
| | : | |
| JOHN CASCIO and | : | |
| MICHAEL D'AMATO | : | SEPTEMBER 25, 2004 |

## BRIEF IN OPPOSITION TO MOTION TO STRIKE

This is an unusual motion because, while its point generally would be correct, the special facts of this case make it plainly not correct.

The defendants have pending before this court a motion for summary judgment. In support of that motion, they assert only three facts: (1) the fact, date and nature of the plaintiff's arrest; (2) the fact that the underlying criminal charges were nolled; and (3) the assertion that the present lawsuit "solely relates to the plaintiff's arrest on October 29, 1997." The plaintiff has filed a Local Rule 56 Statement in which he agrees with the first two points but disagrees with the third. As factual authority for his disagreement with the third point, he cites solely to the plain language of the Complaint on file with this court.

The defendants have moved to strike the plaintiff's Local Rule 56 Statement (presumably only the third numbered paragraph, since the balance agrees with them) on the ground that it cites to the Complaint and not to an

affidavit or other tangible evidence. Of course it is true that the allegations of a complaint are not admissible evidence of the assertions made therein, that is not the issue in this case. The issue raised by the third numbered paragraph of the defendants' Local Rule 56 Statement is: What is the subject of this lawsuit? The proof of what is the subject of this lawsuit is the Complaint itself, which expressly states its subject. The Complaint, then, is not offered by the plaintiff in support of its underlying allegations, which indeed are not even relevant to the summary judgment motion. The Complaint is offered as proof of What This Lawsuit Is About.

On that point, the Complaint not only is admissible evidence; it is the best evidence possible.

The Motion to Strike, therefore, must be denied.

Respectfully submitted:

_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney

## CERTIFICATION

_____This is to certify that a copy of the foregoing was mailed on the date above stated to:

Hugh F. Keefe, Esq.
52 Trumbull Street
New Haven, CT 06510

_____
John R. Williams