UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RANDALL C. HOLMAN,       : | |
|     Plaintiff       : | Civil Action No. 3:02CV1523(CFD) |
|                               : | |
| v.       : | |
|                                 : | |
| JOHN CASCIO and       : | |
| MICHAEL D'AMATO,       : | |
|     Defendants       : | |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Randall Holman, brought this action against the defendants, John Cascio and Michael D'Amato, two police officers of the Town of East Haven, Connecticut, pursuant to 42 U.S.C. §1983. The defendants are sued only in their individual capacities. The complaint sets forth claims for false arrest and malicious prosecution in violation of the Fourth Amendment to the United States Constitution. This opinion considers the defendants' motion for summary judgment.

**I    Background**

The following facts are undisputed: On October 29, 1997, Holman was arrested by the defendants at a nursing home in East Haven and charged with the state offenses of breach of peace, criminal trespass in the first degree and interfering with a police officer. The officers arrested Holman without an arrest warrant. In October 2000, those charges were nolled[1] by an

---

[1] "Nolle" is shorthand for "nolle prosequi," which is defined as "[a] formal entry on the record by the prosecuting officer by which he declares that he will not prosecute the case further . . . . ." Black's Law Dictionary 1070 (7th ed. 1999); see also Cislo v. City of Shelton, 240 Conn. 590, 599 n. 9, 692 A.2d 1255 (1997) (defining a nolle as "a unilateral act by a prosecutor, which ends the 'pending proceedings without an acquittal and without placing the defendant in jeopardy,'" in contrast to a dismissal, which "is an act of court." (quoting State v. Lloyd, 185 Conn. 199, 201, 440 A.2d 867 (1981)); Conn. Gen. Stat. § 54-145a(c) ("Whenever any charge in

Assistant State's Attorney in the Connecticut Superior Court. Holman's false arrest claim arises from the October 29, 1997 arrest, and his malicious prosecution claim arises from the resulting prosecution.

## II    Summary Judgment Standard

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986 ) (quoting Fed. R. Civ. P. 5(c)); accord Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

## III    Discussion

The defendants seek summary judgment on both the malicious prosecution and false

---

a criminal case has been nolled in the Superior Court . . . if at least thirteen months have elapsed since such nolle, all police and court records and records of the state's or prosecuting attorney or the prosecuting grand juror pertaining to such charge shall be erased"). The Connecticut statutes also provide: "A nolle prosequi may not be entered as to any count in a complaint or information if the accused objects to the nolle prosequi and demands either a trial or dismissal, except with respect to prosecutions in which a nolle prosequi is entered upon a representation to the court by the prosecuting official that a material witness has died, disappeared or become disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary." Conn. Gen. Stat. § 54-56b.

arrest claims.

    A) <u>Malicious Prosecution</u>

The complaint alleges that the defendants submitted a false written report to the State's Attorney Office concerning the events of October 29, 1997, to support their view that Holman had committed the charged offenses. As a result, Holman claims that he was unlawfully prosecuted for a period of almost three years in the Connecticut Superior Court. The defendants seek summary judgment on Holman's malicious prosecution claim, arguing that Holman cannot demonstrate that the underlying criminal prosecution terminated in his favor because those charges were nolled by the prosecutor.

It is well settled that, in order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment and establish the elements of a malicious prosecution claim under state law. <u>Fulton v. Robinson</u>, 289 F.3d 188, 195 (2d Cir. 2002); <u>Christman v. Kick</u>, 342 F.Supp.2d 82, 91 n.9 (D.Conn. 2004); <u>Romagnano v. Town of Colchester</u>, 354 F.Supp.2d 129, 136 (D.Conn. 2004); <u>see also</u> <u>Washington v. County of Rockland</u>, 373 F.3d 310, 315 (2d Cir. 2004) (While § 1983 affords plaintiffs a federal cause of action, courts generally "borrow the elements of the underlying malicious prosecution from state law"). To prevail upon a malicious prosecution claim under Connecticut law, a plaintiff must prove the following elements: (1) the defendants initiated or procured the institution of criminal proceedings against the plaintiff; (2) *the criminal proceedings terminated in favor of the plaintiff*; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice. <u>QSP, Inc. v. Aetna Casualty & Surety Co.</u>, 256 Conn. 343, 360 n. 16, 773

A.2d 906 (2001). <u>McHale v. W.B.S. Corp.</u>, 187 Conn. 444, 447, 446 A.2d 815 (1982); <u>Vandersluis v. Weil</u>, 176 Conn. 353, 356, 407 A.2d 982 (1978); <u>Romagnano</u>, 354 F.Supp.2d at 136 (citing cases). The pending motion for summary judgment only challenges Holman's ability to meet the second element, whether the nolle of his charges resulted in a favorable termination. The effect of a nolle on this element has been recognized as a vexing question in many reported decisions, and arises frequently in § 1983 actions for malicious prosecution.

In <u>See v. Gosselin</u>, 133 Conn. 158, 159, 48 A.2d 560 (1946), the Connecticut Supreme Court addressed the question of whether the "plaintiff's complaint contains a sufficient allegation of the termination of the criminal proceedings in his favor" in an action for malicious prosecution brought by Harold See. It was alleged that the prosecutor nolled the criminal case after the State's witnesses testified, and without a request for the nolle from See. The Court noted that "[i]t is generally held that the plaintiff must allege and prove that the criminal action terminated in his favor, either by his acquittal or in some other manner equivalent thereto." <u>Id</u>. (emphasis added). In holding that the allegations of the circumstances of the nolle satisfied that test, and in reversing the trial court's dismissal, the Connecticut Supreme Court explained:

> When we made 'discharge' a condition of bringing an action of malicious prosecution, it signified the termination of the particular prosecution. It is not necessary that the accused should have been acquitted. It is sufficient if he was discharged without a trial under circumstances amounting to an abandonment of the prosecution without request from or by arrangement with him.

<u>Id</u>. at 160. More recently, the Connecticut Supreme Court also rejected a narrow interpretation of the "favorable termination" element in the context of a vexatious litigation claim (the counterpart to malicious prosecution, where the underlying action was a civil suit rather than a criminal prosecution), and clarified that:

> Notwithstanding our recitation of the term '*favorable termination*' (emphasis added) in Vandersluis [176 Conn. 353] and a few other cases . . . we have never required a plaintiff in a vexatious suit action to prove a favorable termination either by pointing to an adjudication on the merits in his favor or by showing affirmatively that the circumstances of the termination indicated his innocence or nonliability, so long as the proceeding has terminated without consideration.

DeLaurentis v. City of New Haven, 220 Conn. 225, 251, 597 A.2d 807 (1991); see also Russo v. City of Hartford, 184 F.Supp.2d 169, 186 (D.Conn. 2002) ("The DeLaurentis court proceeded to distance Connecticut law from a strict interpretation of 'favorable termination'"); Thayer v. Electro-Methods, Inc., 2004 Wl 3105966 at *5 (Conn. Super. Ct., Dec 7, 2004) ("Our Supreme Court has not adopted a strict interpretation of 'favorable termination'").

In determining whether the element of "favorable termination" of a malicious prosecution action has been satisfied, dispositions of criminal cases other than through an acquittal have received considerable attention from the Connecticut Superior Court and the federal courts. See, e.g., Roesch v. Otarola, 980 F.2d 850, 853-54 (2d Cir. 1992) (discussing whether a criminal case was favorably terminated when the defendant received accelerated rehabilitation under Connecticut law). The effect of a nolle by a prosecutor has received the most attention, and some decisions state that the entry of a nolle cannot be the basis for a plaintiff to satisfy the "favorable termination" element of a malicious prosecution claim. See Simpson v. Denardo, 2004 WL 1737444 (D.Conn., July 29, 2004) ("A *nolle prosequi* does not qualify as a favorable termination for purposes of a malicious prosecution claim"); Walsh v. Souza, 2004 WL 717169 (D.Conn. May 25, 2004) ("A *nolle prosequi* is not a favorable termination of the type required to support a malicious prosecution claim"). The majority of decisions applying Connecticut law, however, hold that a nolle of the criminal charge may still permit the plaintiff to satisfy that element if the

circumstances of the nolle satisfy the <u>See v. Gosselin</u> test of "an abandonment of the prosecution without request from or by an arrangement with [the defendant]."  More specifically, the decisions hold that a nolle will preclude a subsequent case for malicious prosecution when it was made as part of a plea bargain or under other circumstances that indicate that the defendant received the nolle in exchange for providing something of benefit to the state or victim.[2]  For example, if some charges were nolled in exchange for a guilty plea to another offense, those nolled charges could not be the basis for a subsequent malicious prosecution claim.  If, however, a charge was nolled by the prosecutor without the request of the defendant, that could satisfy the element if the circumstances of the nolle indicated an "abandonment of the prosecution."  The factual circumstances surrounding the nolle are material and when disputed, must be resolved by the trier of fact.  See, e.g., <u>Jackson v. Smith</u>, 35 Conn. L. Rptr. 72, 2003 WL 21771938 (Conn. Super. Ct., Jul 14, 2003) (nolle, which was conditioned on future noncontact between the defendant and the victim, was not sufficient to constitute a "favorable" termination under <u>See v. Gosselin</u>); <u>Cislo v. Pitman</u>, 1997 WL 276410 (Conn. Super. Ct., May 15, 1997) (denying motion to set aside a malicious prosecution verdict in favor of the plaintiff on the ground that the underlying criminal case was not resolved in the plaintiff's favor: "Here the charges were nolled.  They were not [n]olled at the instigation of the plaintiff, they were apparently nolled because the

---

[2]Although portions of the opinions in <u>Simpson</u> and <u>Walsh</u> can be read to suggest that nolles could never support a subsequent action for malicious prosecution, the plaintiffs in those cases made no showing in opposition to the defendant police officers' motions for summary judgment that the circumstances of the nolles demonstrated that they were not made in exchange for anything.  Consequently, a close reading of those cases supports the view here.  Moreover, the quotations from <u>Simpson</u> and <u>Walsh</u> set forth in the text of this ruling are based on dicta from the Second Circuit's opinion in <u>Roesch</u>, which appears more limiting that the standard expressed by the Connecticut Supreme Court in <u>See</u> and <u>DeLaurentis</u>.  See <u>Roesch</u>, 980 F.2d at 853 ("A person . . . must pursue the criminal case to an acquittal or an unqualified dismissal").

complainant did not appear in court. The latter fact alone suggests that the failure to proceed implies a lack of reasonable grounds for the prosecution" [quotations omitted]); Sabir v. Jowett, 214 F.Supp.2d 226, 240-41 (D.Conn. 2002) (nolles in separate criminal case could satisfy the "favorable termination" element if unconnected to case in which plea bargain occurred); Russo, 184 F.Supp.2d at 186 (motion to dismiss malicious prosecution claim denied when underlying criminal case "terminated based on a suppression issue with no indication of [the plaintiff's] guilt"); see also Haynes v. City of New London, 2002 WL 1204956 at *2 (D.Conn., May 17, 2002) (summary judgment as to false arrest claim denied where facts disputed as to the circumstances surrounding the nolles").

Context matters, of course. The mere allegation of a nolle in a complaint may be enough to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), as the plaintiff would be able to later meet the See v. Gosselin test with evidence of the circumstances of the nolle. However, when faced with a motion for summary judgment under Fed. R. Civ. P. 56, the plaintiff must present some evidence that the circumstances of the nolle meet that test. Because the plaintiff has the burden of proof on this element, not providing evidence of such circumstances will be fatal, as the nolle itself–without more–is insufficient to create a genuine issue of material fact of "circumstances amounting to an abandonment of the prosecution without request from or by arrangement with him." See v. Gosselin, 133 Conn. at 160.[3]

In this action, the plaintiff agreed in his Local Rule 56 statement that the charges were

---

[3]There is at least one decision from this District, however, that did not require that the plaintiff show more than the nolle to withstand summary judgment. See Galazo v. City of Waterbury, 303 F.Supp.2d 213, 218-19 (D.Conn. 2004); see also Assegai v. Bloomfield Bd. of Educ., 308 F.Supp.2d 65, 70 (D.Conn. 2004) (consent to nolle forecloses malicious prosecution claim).

nolled. (¶2 of Plaintiff's Local Rule 56(a)(2) statement and ¶1 of the Plaintiff's "Claims of Fact").  A portion of the plaintiff's deposition transcript was submitted by the defendants, and it contains the following colloquy between the defendants' attorney and the plaintiff:

> Q:  "Okay.  Did you have a trial on any of these charges?"
> A:  "No."
> Q:  "What ultimately happened with the charges? Did you plea bargain out?"
> A:  "No."
> Q:  "Were they nolled."
> A.  "Yes."
> Q:  "And when were they nolled?"
> A:  "It was at least two years later."

Although a close call, the plaintiff's deposition testimony that the nolles were not entered as part of a plea bargain, and that the nolles were entered over two years after his arrest, is enough to withstand a motion for summary judgment.  The plaintiff has created a genuine issue of material fact whether his case was favorably terminated, one that a trier of fact must resolve. See Ricciuti v. N.Y.C. Transit Authority, 124 F.3d 123, 131 (2d Cir. 1997) ("Where . . . the reasons for a dismissal of charges are in dispute, the matter should ordinarily be submitted to a jury") (citing Rounseville v. Zahl, 13 F.3d 625, 629 (2d Cir. 1994)).

Accordingly, the motion for summary judgment as to the malicious prosecution claim is denied.

B) False Arrest

The complaint also alleges that the defendants, acting under color of law, violated Holman's Fourth Amendment rights by arresting him without probable cause for that arrest.  In their motion for summary judgment, the defendants contend that Holman cannot maintain this false arrest claim because he cannot prove that the underlying criminal proceedings terminated in

his favor.

To establish a claim for false arrest, a plaintiff is required to show that "the defendant intentionally confined him without his consent and without justification." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (false arrest claim brought pursuant to § 1983); accord Green v. Donroe, 186 Conn. 265, 267, 440 A.2d 973 (1982) (false arrest claim brought pursuant to Connecticut law); Outlaw v. City of Meriden, 43 Conn.App. 387, 392, 682 A.2d 1112, cert. denied, 239 Conn. 946, 686 A.2d 122 (1996); Hunter v. City of Bridgeport, 2004 WL 1462459 (Conn. Super. Ct., June 4, 2004).[4] Although the Second Circuit, in Roesch, 980 F.2d at 853-54 stated that favorable termination of the underlying proceedings was an element of a false arrest claim in Connecticut, that position remains unsettled.  See, e.g., Weyant, 101 F.3d at 852 (noting that Connecticut law is less clear on this issue than New York, and that the Court was "not aware of any opinion by Connecticut's highest court addressing the issue of favorable termination in the context of a claim for false arrest where there has been no determination as to guilt"); Conlon v. Ludemann, 283 F.Supp.2d 747, 754 (D.Conn. 2003) (noting decisions that have called into question the statements concerning Connecticut law in Roesch); Whitehorn v. City of Bridgeport, 2004 WL 1576706 at *3 (D.Conn., July 8, 2004) (noting the tension between Weyant and Roesch).  However, the Court need not resolve this issue at this time, because even if it is an element of a claim for false arrest, summary judgment is not appropriate for the same reason set forth in the previous section of this ruling dealing with the malicious prosecution claim, namely a genuine issue of material fact as to whether the underlying criminal prosecution was terminated

---

[4] False arrest under both § 1983 and state law contain substantially the same elements. Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991) (discussing New York law); Colon, 283 F.Supp.2d at 754 (discussing Connecticut law).

9

in Holman's favor. Consequently, the Court denies the defendants' motion for summary judgment on Holman's false arrest claim. See Conlon, 283 F.Supp.2d at 754 (finding genuine issue of material fact as to circumstances of the entry of a nolle in the underlying criminal case, and, therefore, whether that case was terminated in her favor for purposes of her false arrest claim); Haynes, 2002 WL 1204956 at *2 (denying motion for summary judgment as to the false arrest claim because "the exact circumstances and intent behind the nolles are not entirely clear").

**IV    Conclusion**

For the foregoing reasons, the motion for summary judgment **[Doc. #21]** is **DENIED**.

SO ORDERED this  29 th day of August 2005, at Hartford, Connecticut.


                                            /s/ CFD
                              **CHRISTOPHER F. DRONEY**
                              **UNITED STATES DISTRICT JUDGE**