UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RANDALL C. HOLMAN          :      CASE NO. 3:02-CV-1523(CFD)

                                 :

V.                           :

                                 :

JOHN CASCIO and MICHAEL D'AMATO   :      DECEMBER 20, 2005

## JOINT TRIAL MEMORANDUM

The Defendants, John Cascio and Michael D'Amato, and the Plaintiff, Randall C. Holman, hereby submit the following trial memorandum in connection with the above-referenced matter.

## I.    Trial counsel

For the Plaintiff:    John R. Williams
                        51 Elm Street
                        New Haven, CT 06510
                        Phone:  (203) 562-9931
                        Fax:  (203) 776-9494
                        Federal Bar. No. ct00215
                        E-mail:  jrw@johnrwilliams.com

For the Defendants:    Hugh F. Keefe
                        52 Trumbull Street
                        P.O. Box 1612
                        New Haven, CT 06506-1612
                        Phone:  (203) 787-0275
                        Fax:  (203) 782-0278

1

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

Federal Bar. No. ct05106

E-Mail: hkeefe@ltke.com

## II.  <u>Jurisdiction</u>

The Plaintiff claims jurisdiction of this Court pursuant to Title 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1343 (deprivation of civil rights) 42 U.S.C. §1983 and 42 U.S.C. §1988.

## III.  <u>Jury/Non-Jury</u>

This case is claimed to a jury.

## IV.  <u>Nature of Case</u>

The plaintiff seeks money damages for his claim that he was falsely arrested and maliciously prosecuted in violation of his constitutional rights.  The Defendants deny each of the Plaintiff's claims and claim that they are entitled to immunity.

## V.  <u>Proposed Stipulations of Fact</u>

1.      John Cascio and Michael D'Amato were at all relevant times to this action members of the East Haven Police Department acting in the discharge of their duties as police officers and acted under color of the laws of the State of Connecticut and/or the laws of the United States.

2

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

2.    On October 29, 1997, one or more officers from the East Haven Police Department were dispatched to Laurel Woods, 451 North High Street, East Haven, CT 06512.

3.    On October 29, 1997, the defendants met and spoke with the plaintiff while at Laurel Woods.

4.    On October 29, 1997, the plaintiff was arrested and charged with Breach of Peace (C.G.S. §53a-181), Criminal Trespass in the First Degree (C.G.S. §53a-107) and Interfering with an Officer (C.G.S. §53a-167a).

## VI.    **Proposed Stipulations of Law**

1.    In Connecticut, a person is guilty of breach of peace "when, with the intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person:  (1) Engages in fighting or in violent, tumultuous or threatening behavior in a public place; or (2) assaults or strikes another; or (3) threatens to commit any crime against another person or such other person's property; or (4) publicly exhibits, distributes, posts up or advertises any offensive, indecent or abusive matter concerning any person; or (5) in a public place, uses abusive or obscene language or makes an obscene gesture; or (6) creates a public or hazardous or physically offensive condition

3

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

by any act which such person is not licensed or privileged to do." Conn. Gen. Stat. §53a-181.

2.      In Connecticut, a person is guilty of Criminal Trespass in the First Degree "when: (1) Knowing that such person is not licensed or privileged to do so, such person enters or remains in a building or any other premises after an order to leave or not to enter personally communicated to such person by the owner of the premises or other authorized persons; or (2) such person enters or remains in a building or any other premises in violation of a restraining order issued pursuant to section 46b-15 or a protective order issued pursuant to section 46b-38c, 54-1k or 54-82r by the Superior Court; or (3) such person enters or remains in a building or any other premises in violation of a foreign order of protection, as defined in section 46b-15a, that has been issued against such person, after notice and an opportunity to be heard has been provided to such person, in a case involving the use, attempted use or threatened use of physical force against another person." Conn. Gen. Stat. §53a-107.

3.      In Connecticut, a person is guilty of Interfering with an Officer "when such person obstructs, resists, hinders or endangers any peace officer or firefighter in

4

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

the performance of such peace officer's or firefighter's duties." Conn. Gen. Stat. §53a-167a.

4.    Every person who, under color of any statute … of any state … subjects or causes to be subjected any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution shall be liable to the party injured … Title 42 U.S.C. §1983.

5.    A person is not justified in interfering with an arrest by a reasonably identifiable police officer, whether such arrest is legal or not.

6.    A person is not justified in using physical force to resist an arrest by a reasonably identifiable police officer, whether such arrest is legal or not.

7.    A Constitutional violation does not occur where the plaintiff was injured due to the negligence of the defendants.

8.    The defendants' actions are not to be judged with "20-20 hindsight." Police officers must make instant judgments, often while engaged in a physical struggle. The law does not punish police officers for mistakes in judgment in such circumstances.

9.    A qualified immunity defense is available to a police officer accused of false arrest and malicious prosecution.

5

10.     A police officer is entitled to qualified immunity if his conduct did not violate a clearly established right of the plaintiff of which a reasonable person would have known, or it was objectively reasonable for him to believe that his acts did not violate clearly established rights of the plaintiff.

11.     The law of qualified immunity is that even if the plaintiff proves that the defendants false arrested or maliciously prosecuted him, the plaintiff cannot prevail if the defendants have proved that it was "objectively reasonable" for them to believe that their acts did not violate the plaintiff's rights.

## VII.    Plaintiff's Contentions

The plaintiff, Randall Holman, alleges that the defendants violated his Fourth Amendment right to be free from false arrest and malicious prosecution, causing him emotional distress and economic loss.  He seeks compensatory damages, punitive damages, attorney fees and costs.

## VIII.   Defendants' Contentions

The Defendants, John Cascio and Michael D'Amato, deny each and every one of the Plaintiff's claims set forth in his complaint.  The Defendants also submit that they

6

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\Joint Trial Memorandum 12-05.doc

are immune from suit under the law because they acted reasonably and in good faith under the circumstances.

## IX.    **Legal Issues**

1.      Did the defendants, John Cascio and Michael D'Amato, deprive the plaintiff, Randall Holman, of his rights under the Fourth Amendment to the United States Constitution by falsely arresting and/or maliciously prosecuting the plaintiff?

2.      Were any and all of the plaintiff's injuries or damages the result of his own conduct in unlawfully and violently resisting arrest, refusing to obey lawful orders of police officers and/or refusing to cooperate with police officers in the performance of their lawful duties?

**OBJECTION:**        Plaintiff objects to this legal issue as being argumentative.

3.      Are the defendants entitled to qualified immunity for their actions?

4.      Did the defendants act within the scope of their duties under the law in reasonably and in good faith believing that the plaintiff had violated the laws of the State of Connecticut?

**OBJECTION:**        Plaintiff objects to this legal issue as being argumentative.

7

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum 12-05.doc

## X.      Voir Dire Questions

### A.      Plaintiff's Proposed Voir Dire Questions:

See Attached Plaintiff's Supplement to Joint Trial Memorandum.[1]

### B.      Defendants' Proposed Voir Dire Questions:

The Defendants' proposed voir dire questions are attached.

## XI.     Proposed Jury Instructions

### A.      Plaintiff's Proposed Jury Instructions

See Attached Plaintiff's Supplement to Joint Trial Memorandum.[2]

### B.      Defendants' Proposed Jury Instructions

The Defendants' proposed jury instructions are attached.

## XII.    List of Witnesses

### A.      Plaintiff's Proposed Witnesses

See Attached Plaintiff's Supplement to Joint Trial Memorandum.[3]

---

[1] Due to insufficient time to review the plaintiff's portion, the defendants reserve their right to assert objections to this section.

[2] Due to insufficient time to review the plaintiff's portion, the defendants reserve their right to assert objections to this section.

Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street   p.o. box 1612   New Haven, Connecticut 06506-1612
Telephone (203) 787-0275    Facsimile (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum 12-05.doc

B. **Defendants' Proposed Witnesses**[4]

1.  <u>Officer John Cascio</u>, East Haven Police Department, 471 North High Street, East Haven, CT 06512. Officer Cascio is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incident at issue. Expected length of testimony: 1.5 hours.

2.  <u>Officer Michael D'Amato</u>, East Haven Police Department, 471 North High Street, East Haven, CT 06512. Officer D'Amato is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incident at issue. Expected length of testimony: 1.5 hours.

3.  <u>Randall Holman</u>, the plaintiff. Expected length of testimony: 2 hours.

4.  <u>Lisa Holman</u>, plaintiff's wife, 87 Shinar Mountain Road, Washington Depot, CT 06794. Mrs. Holman is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incident at issue. Expected length of testimony: 2 hours.

5.  <u>Margaret Z. Dwyer</u>, 484 West Woods Road, Hamden, CT 06518. Ms. Dwyer is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incident at issue. Expected length of testimony: 1.5 hours.

---

[3] Due to insufficient time to review the plaintiff's portion, the defendants reserve their right to assert objections to this section.

[4] The Defendants reserve their right to supplement and/or delete witnesses as the case develops.

9

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

6.      <u>Eleanor Andrews</u>, plaintiff's mother, North Haven, CT.  Mrs. Andrews is expected to testify as to her knowledge of the facts and circumstances surrounding the incident at issue.  Expected length of testimony:  1.0 hour.

7.      <u>Suzanne Rossotto</u>, 1640 Sherman Avenue, Hamden, CT.  Ms. Rossotto is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incident at issue. Expected length of testimony:  1.5 hours.

8.      <u>John Tarutis</u>, 58 High Street, Guilford, CT.  Mr. Tarutis is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incident at issue.  Expected length of testimony:  1.0 hour.

9.      <u>Stephen Whalen</u>, 116 Montowese Street, Branford, CT 06405.  Attorney Whalen is expected to testify as to his knowledge of the facts and circumstances prior to and surrounding the incident at issue.  Expected length of testimony:  1.0 hour.

10.      <u>Richard Onofrio</u>, 475 Quinnipiac Avenue, North Haven, CT 06473.  Mr. Onofrio is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incident at issue.  Expected length of testimony:  30 minutes.

11.      <u>Sergeant Liquori</u>, East Haven Police Department, 471 North High Street, East Haven, CT 06512.  Sergeant Liquori is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incident at issue.  Expected length of testimony:  1.5 hours.

12.      <u>Sergeant Celentano</u>, East Haven Police Department, 471 North High Street, East Haven, CT 06512.  Sergeant Celentano is expected

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum 12-05.doc

to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incident at issue.  Expected length of testimony:  1.5 hours.

13.   Honorable Philip A. Scarpellino, 101 Lafayette Street, Hartford, CT 06106.  Judge Scarpellino is expected to testify as to his knowledge of the facts and circumstances regarding the charges arising out of the incident at issue.  Expected length of testimony:  1.0 hour.

14.   Robert Mislow, 451 North High Street, East Haven, CT 06512.  Mr. Winslow is expected to testify as to his knowledge of the facts and circumstances surrounding the incident at issue.  Expected length of testimony:  30 minutes.

## XIII.   List of Exhibits[5]

### A.   Plaintiff's Proposed List of Exhibits

See Attached Plaintiff's Supplement to Joint Trial Memorandum.[6]

### B.   Defendants' Proposed List of Exhibits

1.   Letter dated 12/31/96 to Judge Donegan from Attorney Stephen Whalen with an attached "Agreement for Visitation."

2.   Supplemental Agreement for Visitation signed by Toni Holman (2/28/97), Randall Holman (2/28/97), Eleanor Andrews (97) and Stephen Whalen (3/3/97).

---

[5] The Defendants reserve their right to supplement and/or delete exhibits as the case develops.
[6] Due to insufficient time to review the plaintiff's portion, the defendants reserve their right to assert objections to this section.

11

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

3.    Letter dated 10/28/97 from Attorney Stephen Whalen to Honorable John E. Donegan;

## XIV.  **Deposition Testimony**

The parties do not expect any witnesses to testify by way of deposition.

## XV.  **Anticipated Evidentiary Problems**

The parties do not anticipate any evidentiary problems.

## XVI.  **Trial Time**

The parties estimate that the trial will require one week, inclusive of jury deliberations.

## XVII. **Further Proceedings**

The parties do not foresee any further proceedings prior to trial.

## XVIII. **Election for Trial by Magistrate**

The Defendants do not agree to have the case tried by a United States Magistrate.

## XX.  **Statement in Lieu of Opening Statement**

### A.    **Plaintiff**

See Attached Plaintiff's Supplement to Joint Trial Memorandum.[7]

---

[7] Due to insufficient time to review the plaintiff's portion, the defendants reserve their right to assert objections to this section.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

**B.**     **Defendants**

The Defendants hereby request an opportunity to present an opening statement to the jury.  Notwithstanding, pursuant to this Court's rules and with the intent for the following not to be considered a waiver of said request, the Defendants submit the following in lieu of an opening statement.

The Defendants, John Cascio and Michael D'Amato, deny all of the Plaintiff's claims set forth in his complaint.  The Defendants also submit that they are immune from suit under the law because they acted reasonably and in good faith under the circumstances.

**XXI:   Verdict Form**

The Defendants' proposed jury verdict form is attached.

13

THE PLAINTIFF
RANDALL HOLMAN

BY:_____
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street
        New Haven, CT 06510
        (203) 562-9931
        Fax:  (203) 776-9494
        E-Mail:  jrw@johnrwilliams.com


THE DEFENDANTS
JOHN CASCIO and MICHAEL D'AMATO

BY:  _____
        HUGH F. KEEFE, ESQ.
        52 Trumbull Street,
        P.O. Box 1612
        New Haven, CT 06596
        (203) 787-0275
        Federal Bar No. CT05106

14

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum 12-05.doc

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RANDALL C. HOLMAN                    :        CASE NO. 3:02-CV-1523(CFD)
                                     :
V.                                   :
                                     :
JOHN CASCIO and MICHAEL D'AMATO      :        DECEMBER 20, 2005

## PROPOSED QUESTIONS FOR EXAMINATION OF JURORS

### DEFENDANTS' PROPOSED VOIR DIRE

(Prior to commencement of jury selection, the Defendants may submit additional proposed questions and/or delete one or more of the following questions).

1.      Has anyone here, or any relative or friend of anyone here, filed any complaint against any police officer for any reason?  If so, please explain.

2.      Has anyone here, or any relative or friend of anyone here, brought any lawsuit against any police officer for any reason?  If so, please explain.

3.      Has anyone here, or any relative or friend of anyone here, ever brought a lawsuit against a police department, city or town for any reason?  If so, please explain.

15

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

4.    Has anyone here, or any relative or close friend of anyone here, ever had an unpleasant experience with any police officer or any other law enforcement agent?  If so, please explain.

5.    Has anyone here ever sat on a jury in which there has been an allegation of police wrongdoing?  If so, please explain.

6.    Has anyone here, or any relative or close friend of anyone here, ever been arrested for any reason by any police officer, including traffic arrests?  If so, please explain.

7.    Besides sitting on a jury involving an allegation against a police officer, have any of you sat on any other type of jury before?

     (a)    Was it civil or criminal?

     (b)    Did it go to a verdict?

     (c)    State what court it was in and when.

8.    In this lawsuit, the plaintiff must prove his case by a preponderance of the evidence and if he does not, you will be instructed to return a verdict in favor of the defendants.  Is there anyone here who cannot follow that instruction?

16

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

9.     Is any member of the panel familiar or know the plaintiff or the plaintiff's lawyer or the facts of this case?

10.     Have any of you ever studied law?  Where?  When?  Do any of you have any relatives or friends who are lawyers or who are presently studying law?

11.     Is there any reason why anyone cannot sit on this case and be completely fair and impartial and decide this case strictly on the basis of the evidence that comes into this courtroom and nothing else?

17

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RANDALL C. HOLMAN        :      CASE NO. 3:02-CV-1523(CFD)

:

V.                   :

:

JOHN CASCIO and MICHAEL D'AMATO  :     DECEMBER 20, 2005

### **DEFENDANTS' PROPOSED JURY CHARGES**

(The Defendants reserve the right to revise this proposed jury charge based on the evidence presented at trial).

This is a case in which the plaintiff claims that his civil rights were violated because the defendants deprived him of protections secured to him by the Constitution of the United States.  The suit is brought under a section of Federal law known as the Civil Rights Act, which provides as follows:

> Every person who, under color of any statute . . . of any state . . .
> subjects or causes to be subjected any citizen of the United
> States to the deprivation of any rights, privileges or immunities
> secured by the Constitution shall be liable to the party injured . . .

Title 42 U.S.C. § 1983.  I may refer to this claim as a "§1983 claim."

In order to prove a §1983 claim, the plaintiff must prove to you, by a preponderance of the evidence, the following three elements:  First, that the defendants

18

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

acted under the color of state law.  Second, that defendants intentionally committed acts that deprived the plaintiff of a right or rights secured by the Constitution.  And third, that the acts of the defendants were the proximate, or legal, cause of the plaintiff's injuries.   As I will explain later, if the plaintiff does in fact prove these elements by a preponderance of the evidence, you will then need to consider whether the defendants raised a valid defense that their actions were legally justified by the circumstances of the case.

The first issue is not in dispute.  The defendants have stipulated that they acted under color of state law, as provided by the statute.   Therefore, at this point, you need only consider the second two issues; that is, whether the defendants deprived the plaintiff, Randall Holman, of any right secured to him by the Constitution and, if so, whether the defendants' actions were the legal cause of his claimed injuries.

In this case, the plaintiff alleges that the defendants, John Cascio and Michael D'Amato, violated his constitutional rights in that they falsely arrested and maliciously prosecuted him.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

## **FALSE ARREST**

In order to recover on his claim of false arrest, the plaintiff must prove by a preponderance of the evidence all of the following:

(1)     that the plaintiff's personal liberty or freedom of locomotion was restrained;

(2)     that the defendant officers lacked probable cause to restrain him;

(3)     that the plaintiff suffered injury as a direct result of that restraint; and,

(4)     that the plaintiff's criminal proceedings pertaining to the charges for which he was restrained terminated in his favor.

Please keep in mind that Connecticut law allows police officers to arrest any person for any offense in their jurisdiction without previous complaint and without a warrant when the offender shall be taken or apprehended in the act, or on the speedy information of others.  Conn. Gen. Stat. § 54-1f.  Therefore, the fact that the officers did not have a warrant to arrest the plaintiff at the time of his arrest does not mean that the plaintiff has proven his claim of false arrest.

In this case, it is undisputed that the plaintiff was initially arrested and then released.  However, the plaintiff claims that there was no probable cause to arrest him

20

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum 12-05.doc

for the crimes of breach of peace, trespass and interfering with an officer.  The defendants claim that probable cause did exist to arrest him for such crimes.

Probable cause exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.  Probable cause does <u>not</u> require absolute certainty.  Thus, the question is did the defendant officers have sufficient information to warrant a reasonable belief that the plaintiff was breaching the peace, trespassing and interfering with a police officer.  If the answer to this question is yes, that the officers had knowledge or sufficient information, then you must enter a verdict in the defendants' favor because the existence of probable cause is an absolute bar to a false arrest claim.

In regards to the breach of peace charge, Connecticut law provides that a person is guilty of such when, with the intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person:  (1) Engages in fighting or in violent, tumultuous or threatening behavior in a public place; or (2) assaults or strikes another; or (3) threatens to commit any crime against another person or such other person's property; or (4) publicly exhibits, distributes, posts up or advertises any offensive,

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

indecent or abusive matter concerning any person; or (5) in a public place, uses abusive or obscene language or makes an obscene gesture; or (6) creates a public or hazardous or physically offensive condition by any act which such person is not licensed or privileged to do.  Conn. Gen. Stat. §53a-181.  Therefore, if you find that Officer Cascio and Officer D'Amato had knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution to believe that the plaintiff committed a breach of peace, then the plaintiff's false arrest claim in this regard fails.

In regards to the charge of criminal trespass, Connecticut law provides that a person is guilty of such when, knowing that such person is not licensed or privileged to do so, such person enters or remains in a building or any other premises after an order to leave or not to enter is personally communicated to such person by the owner of the premises or other authorized persons.  Conn. Gen. Stat. §53a-107.  Thus, if you find that the defendant officers and/or employees of the Laurel Woods facility asked the plaintiff to leave and the plaintiff failed to do such voluntarily, then the officers had probable cause to arrest the plaintiff for trespass and the false arrest claim in this regard fails.

Finally, in regards to interfering with an officer, Connecticut law provides that a person is guilty of such when such person obstructs, resists, hinders or endangers any

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

peace officer or firefighter in the performance of such peace officer's or firefighter's duties. Conn. Gen. Stat. §53a-167a. Again, if you find that Officers Cascio and D'Amato had knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution to believe that such crime was committed by the plaintiff, then the false arrest claim in this regard fails.

Should you find that probable cause did not exist, you must determine whether the plaintiff's criminal proceedings terminated in his favor.    Proceedings are terminated in favor of the plaintiff only when the criminal proceedings' final disposition is such as to indicate that the accused is not guilty. If the disposition leaves open the question of the plaintiff's guilt, then the criminal proceedings have not been terminated in the plaintiff's favor.

For instance, if the plaintiff's criminal charges are disposed of pursuant to Connecticut's accelerated pretrial rehabilitation statute, wherein a criminal defendant is placed on probation for a certain period of time and if he successfully fulfills the terms of the probation will have his criminal charges dismissed, then such a dismissal does not constitute termination in the plaintiff's favor because his guilt is still open to question. On the other hand, an acquittal based on a jury's finding that the criminal

23

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

defendant is not guilty of the charges is a disposition in the plaintiff's favor. Therefore,

the question of whether the plaintiff has established by a preponderance of the evidence

that the criminal proceedings terminated in his favor turns on whether the disposition

leaves the plaintiff's guilt open to question.

Boyd v. City of New York, 336 F.3d 72, 75-76 (2d Cir. 2003). Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991); Presnick v. Town of Orange, 152 F.Supp. 2d 215, 221 (D.Conn. 2001) (J. Arterton); Singleton v. City of New York, 632 F.2d 185, 193 (2d Cir. 1980); Roesch v. Otarola, 980 F.2d 850 (2d Cir. 1992).

### **MALICIOUS PROSECUTION**

To succeed on his claim for malicious prosecution, the plaintiff must show all of

the following:

(1)    that a prosecution was initiated against him;

(2)    that the prosecution was brought with malice;

(3)    that the prosecution was brought without probable cause to believe that it

could succeed;

(4)    that the prosecution terminated in favor of the accused plaintiff; and,

(5)    that as a result of the criminal prosecution, the plaintiff sustained injury.

24

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

As with the false arrest claim, you must decide whether probable cause existed and whether the prosecution terminated in favor of the plaintiff as I have previously instructed you.  If, when analyzing the false arrest claim, you found that probable cause existed and/or that the prosecution did not terminate in the plaintiff's favor, your analysis ends because such findings will bar the malicious prosecution claim.  On the other hand, if you have found that probable cause did not exist and that the prosecution terminated in the plaintiff's favor, you must analyze the remaining elements of a malicious prosecution claim.

In regards to malice, malice existed if the principal motive of the defendant officers was other than a desire to bring an offender to justice.  Malice is not simply the doing of an unlawful or injurious act; it implies that the act complained of was conceived in the spirit of mischief or of criminal indifference to civil obligations. The plaintiff must prove either express/actual malice or inferred malice.

In order for the plaintiff to establish express or actual malice, the plaintiff must prove by a preponderance of the evidence that the defendant officers' actions were done with ill will or hatred, or were willfully done in a wanton or oppressive manner and in conscious disregard of the plaintiff's rights.  Malice may also be inferred from a lack of

25

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

probable cause if you were to find such to be lacking.  However, such an inference is not a necessary one from that fact alone.  In order to infer malice from a lack of probable cause, all of the circumstances pertaining to the commencement and prosecution of the criminal action must be considered and must be such as to lead reasonably to the conclusion that the defendants acted maliciously toward the plaintiff.  Again, if you have found probable cause for the prosecution or that the defendants did not act with malice, you must enter a verdict in favor of the defendants.

Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003); Singer v. Fulton County Sheriff, 63 F.3d 110, 116-117 (2d Cir. 1995).

## **MULTIPLE DEFENDANTS**

Although there are two defendants in this action, it does not follow from that fact alone that if one is liable the other is also liable.  Each defendant is entitled to a fair consideration of his own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against another defendant.

In general, unless otherwise stated, all instructions given you govern the case as to each defendant.

Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, (4th Edition) ("Devitt & Blackmar") Sec. 71.06.

26

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum 12-05.doc

## **POLICE OFFICER TESTIMONY**

There is testimony in this case given by law enforcement officers.  Their testimony is entitled to no special sanctity or suspicion.  Any witness who takes the stand subjects his or her testimony to the same examination and the same tests as any other witness does.  You should recall the officer's demeanor on the stand and manner of testifying, and the substance of the testimony and you must weigh and balance it just as carefully as you would the testimony of any other witness.

## **ORDER OF EVIDENCE**

There are generally two parts to the way a trial is presented.  First the plaintiff presents his case and then the defendants present their case.  However, it should not be of concern to you whether particular evidence comes in during the plaintiff's case or during the defendants' case.  The evidence will be presented in the manner and sequence the Court and the attorneys deem necessary and appropriate.  You must consider all the evidence that the Court determines is properly admitted, and give it such weight as you deem appropriate.

You have to be concerned with competing interests, both of which are important.  On the one hand, there is the interest of the defendant police officers in the proper

Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street   P.O. Box 1612   New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278

performance of their duties including the protection of their own safety and the protection of the rights of other persons.  On the other hand, there is the interest of the plaintiff to enjoy his constitutional rights.  Now, I do not mean to suggest that the plaintiff should win simply because he was arrested and later not convicted of those charges.  Nor do I mean to suggest that the defendants should win simply because they were on duty and acting as police officers.  There are standards for you to apply and the law tries to accommodate the competing interests of the citizens and the police officer.

It is not necessary to find that the defendants had any specific intent to deprive the plaintiff of his constitutional rights.  The plaintiff is entitled to relief if the defendants' intended <u>actions</u> resulted in violation of his rights.  That is to say, it would be enough to find that defendants intended to perform acts that violated the plaintiff's rights.  It is generally not necessary to find that the defendants knew their acts violated his constitutional rights.

## **<u>QUALIFIED IMMUNITY</u>**

If the plaintiff has failed to prove all of his claims against John Cascio and Michael D'Amato by a preponderance of the evidence; then the plaintiff may <u>not</u> recover on any of his claims and you need not deliberate any further.

28

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

Russo v. Coppola, United States District Court, District of Connecticut, Civil No. 3-93-1734 (AHN), Jury Charge.

But, even if you were to find that the plaintiff proved one or more of his claims against John Cascio or Michael D'Amato, the defendants still may not be liable to the plaintiff if the defendants are entitled to what is called qualified immunity. A jury must find that a police officer is entitled to qualified immunity if his conduct did not violate a clearly established right of the plaintiff of which a reasonable person would have known, or it was objectively reasonable for him to believe that his acts did not violate clearly established rights of a suspect.

Posr v. Dohery, 944 F.2d 91 (@d Cir. 1991); Calamia v. City of New York, 879 F.2d 1025 (2d Cir. 2989); Finnegan v. Fountain, 915 F.2d 817 (1990).

The law of qualified immunity is that even if the plaintiff proves that the defendants falsely arrested or maliciously prosecuted him, the plaintiff cannot prevail if the defendants have proved to you that it was "objectively reasonable" for them to believe that their acts did not violate the plaintiff's rights. The immunity accorded police officers by this rule is a defense to all but the plainly incompetent or those who knowingly violate the law. If police officers of reasonable competence could disagree on the legality of the defendants' actions, the defendants are not liable. Specifically, if

29

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

police officers of reasonable competence could disagree as to whether there was

probable cause to arrest and prosecute the plaintiff for breach of peace, trespass and

interference with a police officer, then there is arguable probable cause sufficient to

warrant qualified immunity for the defendant officers.

> Finnegan v. Fountain, supra 915 F.2d 823; Lowth v. Town of
> Cheektowage, 82 F.2d 563, 569 (2d Cir. 1996); Boyd v. City of New York,
> 336 F.3d 72 (2d Cir. 2003).

At the time of the incident giving rise to this lawsuit, it was, of course, clearly

established in the law that a person had a constitutional right to be free from false arrest

and malicious prosecution.  However, even where rights or where the law are clearly

established, a police officer will not be liable if it was objectively reasonable for him to

believe his particular acts were lawful.

> Wyatt v. Cole, 504 U.S. 158, 165-166 (1992); Harlow v. Fitzgerald, 457 U.S.
> 800, 818-19 (1982); Russo v. Coppola, supra; Finnegan v Fountain, 915 F.2d
> 817, 823 (2d Cir. 1990).

In deciding whether the actions of the defendants were objectively reasonable,

you may consider the nature of a police officer's official duties, the character of his

official position, the information which was known to him or not known to him, and the

event or events which confronted him.  You must ask yourself how a reasonable police

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

officer in each defendant's situation would have acted.  You should <u>not</u>, however, consider what each defendant's subjective intent was, even if you believe it was to harm the plaintiff.  You may also use your own common sense.

4 Modern Federal Jury Instructions, Instruction 87-86; <u>Russo v. Coppola</u>, <u>supra.</u>

## <u>GOOD FAITH DEFENSE</u>

The defendant police officers claim that they acted in "good faith" in their capacity as police officers.  In other words, even if you find some facts in favor of the plaintiff, you must find in favor of a police officer if you find that he acted in good faith. A defendant police officer acts in good faith <u>unless</u> the objective facts known to the police officer were so lacking in indications of reliability that no police officer could reasonably believe that a sufficient basis for his actions existed.

If the plaintiff first proves by a preponderance of the evidence that a sufficient basis was lacking for the police officers' actions, then and only then, do the defendants have the burden of producing some evidence that they acted in good faith.  Once the defendants have produced credible evidence that they acted in good faith, even though

31

a sufficient basis for their actions was lacking, the burden shifts back to the plaintiff to

offer other evidence to overcome the evidence of good faith.

What this means here is that if you determine that the officers may have violated

the plaintiff's rights, you must then determine whether they were acting in good faith in

their capacities as police officers.  Again, you must keep in mind that the ultimate

burden of proof is always on the plaintiff to prove by a preponderance of the evidence

that an insufficient basis for the officer's action in good faith was lacking.

Harlowe v. Fitzgerald, 457 U.S. 800 (1982); Malley v. Briggs, 475 U.S. 335
(1986).

## DAMAGES

Now, if you have found that the plaintiff has proven by a preponderance of the

evidence that one or more of the defendants unlawfully subjected the plaintiff to false

arrest or malicious prosecution, and you find that the defendants are not entitled to

qualified immunity and that they did not act in good faith, then you may at this point,

and only at this point, consider what compensatory damages if any, are due to the

plaintiff.

32

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

Of course, the fact that I give you instructions on damages should not be taken as an indication that I think damages should, or should not, be awarded.  That is a determination which is left entirely to the jury.  I am instructing you on principles governing damage awards so that, in the event you should find any of the defendants liable, you will know on what basis to consider an award of damages.

You may only award those damages which the plaintiff has proven by a preponderance of the evidence to have suffered, and which was proximately caused by the defendants' conduct.  Conduct is considered a proximate cause if it was a direct and substantial factor in causing the injury.

Compensatory Damages.  There are two kinds of damages that you may consider.  The first is compensatory damages: a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct.  You may consider any dollar loss suffered, such as for medical expenses or lost wages, as well as a reasonable amount to compensate for any pain, suffering, or embarrassment which you find to have occurred.  You may also, if you find it warranted, award plaintiff only "nominal" damages, of one dollar or more.  In fact, you may not award more than nominal damages unless the plaintiff has

33

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

demonstrated *actual injury* as I have defined it.  The law does not recognize an abstract or inherent monetary value for a constitutional right.

> Memphis Community School District, et al. v. Stachura, 54 U.S.L.W.
> 4771 (June 25, 1986); Carey v. Piphus, 435 U.S. 247 (1978); McKenna
> v. Peekskill Housing Authority, 647 F.2d 332, 335, 337 (2d Cir., 1978);
> David v. Village Park II Realty Co., 578 F.2d 461 (2d Cir., 1978);
> Crawford v. Garnier, 719 F.2d 1317 (7th Cir., 1983); Families Unidas v.
> Briscoe, 619 F.2d 391, 402 (5th Cir., 1980); Jordan v. Dellway Villa of
> Tenn. Ltd., 661 F.2d 588, 594 (6th Cir., 1981); Bush v. Muncy, 659 F. 2d
> 77, 79 (6th Cir., 1981).

Punitive Damages.  Only if you decide to award compensatory damages to the plaintiff, may you then consider whether or not to award punitive damages to that plaintiff.  The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some extraordinary or outrageous misconduct, and to serve as an example or warning to others not to engage in wrongful conduct.  If you find the issues in favor of a plaintiff and award compensatory damages on a particular claim, and if you further find that the acts of the particular defendant liable on that claim were done because of his maliciousness, or his reckless or callous disregard of or indifference to the rights or safety of others, then you may award punitive damages as you find proper.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury. However, you must bear in mind that punitive damages are allowed only if you have first found that the plaintiff is entitled to compensatory damages, even if such damages are nominal. You must also bear in mind that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason, and you should take into consideration any evidence of the defendants' net worth and thus the relative impact on the defendants' livelihood. Punitive damages must never be either awarded, or fixed in amount, because of bias, sympathy or prejudice with respect to any party to the case.

> Smith v. Wade, 461 U.S. 30 (1983); Zarcone v. Perry, 572 F.2d 52 (2d Cir., 1978).

### ATTORNEY'S FEES

Your decision on what damages to award, if any, should not be influenced by the attorney's fees to which counsel may be entitled. I instruct you that attorney's fees for services in this lawsuit are not a proper element of damages and may not be a part of your deliberations. Attorney's fees are a matter for the Court's consideration and may

35

Lynch, Traub, Keefe and Errante, p. c.  Attorneys at Law
52 Trumbull Street  p.o. box 1612  New Haven, Connecticut 06506-1612
telephone (203) 787-0275  facsimile (203) 782-0278
W:\East Haven\Holman, Randall\Joint Trial Memorandum 12-05.doc

be awarded by the court to counsel over and above damages awarded to a party. Such

an award of attorney's fees is, however, for the Court to determine.

Instruction given by Honorable Jose A. Cabranes
in <u>Bodner v. Haeckel</u>, Civil No. N-86-338 (JAC).

36

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RANDALL C. HOLMAN                    :        CASE NO. 3:02-CV-1523(CFD)
                                     :
V.                                   :
                                     :
JOHN CASCIO and MICHAEL D'AMATO      :        DECEMBER 20, 2005

## DEFENDANTS' PROPOSED VERDICT FORM

 (The Defendants reserve the right to revise this proposed verdict form based on the evidence presented at trial).

WE THE JURY UNANIMOUSLY FIND AS FOLLOWS:

**I.**  **False Arrest**

 Has the plaintiff proven by a preponderance of the evidence that his personal liberty or freedom of locomotion was restrained, that the defendant officers lacked probable cause to restrain him, that he suffered injury as a direct result of the restraint, and that the plaintiff's criminal proceedings terminated in his favor?

 _____ Yes     _____ No

Proceed to Part II.

Lynch, Traub, Keefe and Errante, p. c.  Attorneys at Law
52 Trumbull Street  P.O. Box 1612  New Haven, Connecticut 06506-1612
Telephone (203) 787-0275  Facsimile (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum 12-05.doc

## II.    Malicious Prosecution

Has the plaintiff proven by a preponderance of the evidence that a prosecution was commenced against him, that the prosecution was malicious and without probable cause, that the prosecution terminated in his favor and the he sustained injury as a result of the criminal prosecution?

_____ Yes            _____ No

If you answered "No" to Part I <u>and</u> Part II, proceed to Part V.  If you answered "Yes" to either Part I or Part II, or "Yes" to both Part I and Part II, proceed to Part III.

## III.    Qualified Immunity

Have the defendants proven that they are entitled to qualified immunity in that their conduct did not violate a clearly established right of the plaintiff of which a reasonable person would have known, or it was objectively reasonable for them to believe that their acts did not violate clearly established rights?

_____ Yes            _____ No

If you answer "Yes" to Part III, proceed to part V.  If you answer "No" to Part III, proceed to Part IV.

38

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC

**IV.     Compensatory Damages/Nominal Damages**

Please note:  Do **not** complete this section if you have concluded that the defendants are not liable to the plaintiff on any of his claims.

Please note:  You **cannot** award both compensatory and nominal damages.

A.     With respect to the defendant John Cascio, has the plaintiff proven by a preponderance of the evidence that he sustained injury or damage as a result of the wrongful conduct of the defendant?

_____ Yes          _____ No

B.     If your answer to Question IVA is "Yes," what is the total amount of compensatory damages you determine to be fair, just and reasonable?

Compensatory Damages          $_____

C.     If you answered "No" to Question IVA (meaning you have found that Officer Cascio violated the plaintiff's constitutional rights but have also determined that the plaintiff suffered no injury), you must award nominal damages in the amount of one dollar ($1.00).  Please enter that amount.

Nominal Damages          $_____

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

D.     With respect to the defendant Michael D'Amato, has the plaintiff proven by a preponderance of the evidence that he sustained injury or damage as a result of the wrongful conduct of the defendant?

_____ Yes             _____ No

B.     If your answer to Question IVA is "Yes," what is the total amount of compensatory damages you determine to be fair, just and reasonable?

Compensatory Damages          $_____

C.     If you answered "No" to Question IVA (meaning you have found that Officer D'Amato violated the plaintiff's constitutional rights but have also determined that the plaintiff suffered no injury), you must award nominal damages in the amount of one dollar ($1.00).  Please enter that amount.

Nominal Damages               $_____

V.     You have now completed your deliberations.  Please sign and date this form.


Dated at Hartford, Connecticut, this _____ day of _____, 2006.


_____
FOREPERSON

40

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM 12-05.DOC