UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RANDALL C. HOLMAN : | |
| : | |
| VS. : | NO. 3:02CV1523 (CFD) |
| : | |
| JOHN CASCIO and : | |
| MICHAEL D'AMATO : | DECEMBER 20, 2005 |

**PLAINTIFF'S SUPPLEMENT TO JOINT TRIAL MEMORANDUM**

**Plaintiff's Proposed Voir Dire Questions**

1. This is a lawsuit for civil rights violations brought by a citizen against police officers. Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2. Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3. Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against police officers? If so, please explain.

4. Have you or anyone close to you ever been employed as a policeman or by any law enforcement agency in any capacity? If so, please explain.

5. Have you or anyone close to you ever been employed by any

municipality in the State of Connecticut?

6. Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

7. Do you know or have you read anything or heard anything about this case, the plaintiff or the defendants or any of the lawyers involved in the case?

8. Has anyone here ever served as an appointed or elected official of state, city or local Government?

9. Has anyone here or anyone close to you ever been involved in any political campaigns or elections in the State of Connecticut?

10. Has anyone here or any close to you ever been employed by an attorney?

11. Would you for any reason tend to favor one side or the other in this case or in regard to the evidence which may be presented?

12. Other things being equal, would you tend to trust or believe the testimony of a police officer more or less than that of an ordinary citizen merely because the testimony came from a police officer?

13. Does anyone here have any feeling that the testimony of a police officer is entitled to greater or lesser weight or believability than that of a civilian?

14. Have you or anyone close to you ever been the victim of a crime?

15. Does anyone here belong to any club or organization which in any way is interested in the enforcement or the change of any law or laws or which is

in any other way concerned with policemen or law enforcement?

16. Have you or anyone close to you ever been arrested?

17. Has anyone here ever witnessed an arrest?

18. Have you, or has anyone close to you, ever been a party to a lawsuit? If so, please explain.

19. Where are you employed?

20. If you are married, is your spouse connected in any way with any police department or other law enforcement agency or is he or she employed by any municipality?

**Plaintiff's Proposed Jury Instructions**

1. The plaintiff has brought this lawsuit to obtain redress for what he contends were violations of his rights under the United States Constitution, specifically his right to be free from false arrest, unreasonable arrest, malicious prosecution and unreasonable force. Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of State law, deprive that individual of any of his constitutional rights. "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as, in this case, a police officer. In this case, the plaintiff has met her burden of proving that the defendant acted

under color of law, so you need not concern yourselves with that issue.  [Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

    2.  It is not necessary to find that the defendant had any specific intent to deprive the plaintiff of her civil rights in order to find in favor of the plaintiff.  The plaintiff is entitled to relief if the defendant intended the actions which resulted in the violation of the plaintiff's rights or if the defendant acted in reckless disregard of the plaintiff's rights.  Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated.  [Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

    3.  The testimony of a police officer is entitled to no special or exclusive sanctity.  An officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does and in the case of police officers you should not believe them merely because they are so

employed. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including police officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight. [Wright & Havanich, CONN. JURY INSTRUCTIONS, (2d Ed.) §667.]

  4. If you find that the defendant is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages. There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff. These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant. Among the elements of injury and harm for which compensation may be awarded are:

  a) The physical harm to the plaintiff during and after the impairment or injury received, including imprisonment and loss of freedom;

      b)  The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future;

      c)  Lost wages or earnings;

      d)  Attorney fees or other expenses and costs of legal representation;

      e)  Medical bills or expenses.

Actual loss is not limited to expenses or debts incurred.  Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation.  You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated.  The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you. [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d

443 (1992).]

     5.  You may also decide whether the plaintiff is entitled to the award of any punitive damages.  In a case like this one, you may consider whether acts or omissions of the defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct.  Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

     1)  Willful or malicious violation of the constitutional rights of the plaintiff;

     2)  Any intentional act by the defendant in gross disregard of the rights of the plaintiff;

     3)  Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages.  [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir. 1991); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990).]

     6.  The purpose of punitive damages awards is both punishment and

deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community. In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case. These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case. [Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).]

      7. Police officers have an affirmative duty to enforce the law and preserve the peace. This includes stopping other police officers from violating the law. A police officer may not ignore the duty imposed by his office and fail to stop other officers who illegally arrest or search a third person in his presence. Thus, if you find that any police officer, whether or not named as a defendant, violated any of the civil rights of the plaintiff, and that the defendant did nothing to prevent it, although in a position to do so, then the defendant himself is liable for that unlawful act. [Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982); Zapico v. Bucyrus-Erie Co., 579 F.2d 714, 718 (2d Cir. 1978); Bruner v. Dunaway, 684 F.2d 422 (6th Cir 1982); Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972).]

      8. When two or more persons unite in an act which constitutes a wrong

to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants.  The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another.  Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages.  All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him.  Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even though it be a tacit one.  [Prosser, <u>Law of Torts</u>, Section 46, pp. 291-95 (4th Ed. 1971); <u>Gagnon v. Ball</u>, 696 F.2d 17 (2d Cir. 1982).]

      9. Conduct of a defendant, including statements knowingly made and acts knowingly done after an allegedly wrongful act, may be considered by the jury in the light of all other evidence in the case in determining whether or not the defendant has acted wrongfully.  When a defendant voluntarily and intentionally offers an explanation, or makes some statement tending to show his innocence, and this explanation or statement is later shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of

wrongdoing.  Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.  Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of wrongdoing or a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury.  A statement or act is "knowingly" done, it made or done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.   [Fernandez v. Fitzgerald, 711 F.2d 485 (2d Cir. 1983); United States v. McDougald, 650 F.2d 532 (4th Cir. 1982); Government of Virgin Islands v. Testamark, 570 F.2d 1162 (3d Cir 1978); United States v. Barresi, 601 F.2d 193 (5th Cir. 1979); United States v. Wood, 550 F.2d 435 (9th Cir. 1976); Opper v. United States, 348 U.S. 84, 92 (1954); Wilson v. United States, 162 U.S. 613, 620-21 (1896); United States v. DeAlesandro, 361 F.2d 694, 697-98 (2d Cir. 1966), cert. denied, 385 U.S. 842 (1967).]

      10.  If you find that the defendant not only made a false statement or explanation tending to show his innocence, but has made that statement to a law enforcement officer, then you may consider that to be evidence not only of the defendant's consciousness of his own wrongdoing but independent evidence that in fact he did violate the plaintiff' rights in the manner alleged in the Complaint.

False exculpatory statements made to law enforcement officials are circumstantial evidence and have independent probative force.  In other words, if you find that a defendant has knowingly made a false statement to a law enforcement officer, which if true would have tended to establish the innocence of the defendant, you may consider that false statement as independent evidence that the defendant actually committed the constitutional violation alleged in the Complaint.  [United States v. Durrani, 835 F.2d 410, 424 (2d Cir. 1987).]

      11.  A police officer may not arrest a person without an arrest warrant unless he has probable cause to believe that a crime has been committed and that the person in question has committed that crime.  Probable cause exists if the facts and circumstances known to the defendant, or of which he had reasonably trustworthy information, are sufficient to warrant a prudent police officer in believing that the suspect has committed a crime.  The hunch, guess, conjecture or surmise of an officer is not enough, and there must be enough actual evidence to lead reasonably to the conclusion that the suspect has committed a crime.  Thus, if you find that the defendant arrested the plaintiff without probable cause, you must find the defendant liable for a violation of the plaintiff's constitutional rights.  [Dunaway v. New York, 442 US. 200 (1979); Brown v. Texas, 443 U.S. 47 (1979); Henry v. United States, 361 U.S. 98 (1959);

Brinegar v. United States, 338 U.S. 160, 175-76 (1949); Thamel v. Town of East Hartford, 373 F.Supp. 455 (D.Conn. 1974) (Newman, J.).]

    12.  If a police officer files a false report and that report results in the prosecution of an individual, then the officer violated the constitutional right of the person reported on.  Therefore, if you find that the defendant here made a material false statement in an arrest report or omitted material evidence from the report, and the false statements in, or material omissions from, that report caused the prosecution of the plaintiff, then the defendant is liable to the plaintiff. [Franks v. Delaware, 438 U.S. 154 (1978); Golino v. City of New Haven, 950 F.2d 864, 870-72 (2d Cir. 1991);  White v. Frank, 855 F.2d 956 (2d Cir. 1988); Stadium Films v. Baillargeon, 542 F.2d 577 (1st Cir. 1976); McCune v. City of Grand Rapids, 842 F.2d 903, 907 (6th Cir. 1988); Hampton v. Hanrahan, 600 F.2d 600 (7th Cir. 1979).]

    13. To prevail on a claim of malicious prosecution, four elements must be shown:  (1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice and, (4) the matter terminated in plaintiff's favor. [Ricciuti v. New York City Transit Authority, 124 F.3d 123, 130 (2d Cir. 1997) Rohman v. New York City Transit Authority, 215 F.3d 208, 215-16 (2d Cir. 2000);Posr v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991); Bonide Products, Inc. v. Cahill, 223

F.3d 141, 145 (2d Cir. 2000).]

14. The probable cause determination relevant to a malicious prosecution claim differs from that relevant to a false arrest or unreasonable stop claim. First, in a malicious prosecution action, the relevant probable cause determination is whether there was probable cause to believe the criminal proceeding could succeed and, hence, should be commenced. This determination is distinct from the question of whether there was probable cause for the arrest or stop, though a lack of probable cause to believe the plaintiff committed the crime in question necessarily entails a lack of probable cause to commence a proceeding against him. Second, the existence, or lack, of probable cause is measured at a different point in time in a malicious prosecution action than a false arrest or unreasonable stop action. In a malicious prosecution claim, the existence, or lack, of probable cause is measured as of the time the judicial proceeding is commenced by the filing of criminal charges, not at the time of the preceding warrantless arrest. [Kinzer v. Jackson, 316 F.3d 139, 144 (2d Cir. 2003); Posr v. Court Officer Shield # 207, 180 F.3d 409, 417 (2d Cir. 1999); Mejia v. City of New York, 119 F. Supp. 2d 232, 254 (E.D.N.Y. 2000) (Trager, J.).]

15. As I stated previously, one of the necessary elements of malicious prosecution is proof of actual malice. Ordinarily, malice is proven by the lack of probable cause for either the arrest or the prosecution. [Ricciuti v. New York City

Transit Authority, 124 F.3d 123, 131 (2d Cir. 1997); Lowth v. Town of Cheektowaga, 82 F.3d 563, 566 (2d Cir. 1996); Cox v. County of Suffolk, 827 F. Supp. 935 (E.D.N.Y. 1993) (Wexler, J.); Tveraas v. Coffey, 818 F. Supp. 75 (D. Vt. 1993) (Parker, C.J.).]

      16. The final element of a malicious prosecution claim is that the prosecution have terminated favorably to the plaintiff. I instruct you that in this case the prosecution of Mr. Holman did terminate favorably to him. [Russo v. City of Hartford, 184 F. Supp. 2d 169, 185-86 (D. Conn. 2002) (Hall, J.); See v. Gosselin, 133 Conn. 158, 48 A.2d 560 (1946); Murphy v. Lynn, 118 F.3d 938, 950-51 (2d Cir. 1997); Posr v. Court Officer Shield #207, 180 F.3d 409, 417-48 (2d Cir. 1999); Robers v. City of Amsterdam, 303 F.3d 155 (2d Cir. 2002); Bordeau v. Village of Deposit, 113 F. Supp. 2d 292 (N.D.N.Y. 2000) (Hurd, J.).]

**Plaintiff's Proposed Witnesses**

      1. Randall Holman, Sr., plaintiff, will testify concerning all of the events in this case and concerning damages. 2.0 hours.

      2. Randall Holman, Jr., plaintiff's son, will testify concerning all of the events in this case. 1.0 hour.

      3. Lisa Holman, plaintiff's wife, will testify concerning all of the events in this case, and damages. 2.0 hours.

**Plaintiff's Proposed Exhibits**

    1    Police Reports

    2    Photographs of plaintiff

    3    Court records


**Plaintiff's Proposed Statement in Lieu of Opening Statement**

    None.  Plaintiff requests opening statements.


THE PLAINTIFF


BY_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com
His Attorney


CERTIFICATION

15

This is to certify that a copy of the foregoing was mailed on the date above stated to:

Hugh F. Keefe, Esq.
52 Trumbull Street
New Haven, CT 06510

_____
John R. Williams