UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RANDALL C. HOLMAN | : | CASE NO. 3:02-CV-1523(CFD) |
| | : | |
| V. | : | |
| | : | |
| JOHN CASCIO and MICHAEL D'AMATO | : | NOVEMBER 3, 2006 |

**REVISED JOINT TRIAL MEMORANDUM**

The Defendants, John Cascio and Michael D'Amato, and the Plaintiff, Randall C.

Holman, hereby submit the following revised joint trial memorandum in connection

with the above-referenced matter.

**I.    Trial counsel**

For the Plaintiff:          John R. Williams
                            51 Elm Street
                            New Haven, CT 06510
                            Phone: (203) 562-9931
                            Fax: (203) 776-9494
                            Federal Bar. No. ct00215
                            E-mail: jrw@johnrwilliams.com


For the Defendants:         Hugh F. Keefe
                            52 Trumbull Street
                            P.O. Box 1612
                            New Haven, CT 06506-1612
                            Phone: (203) 787-0275
                            Fax: (203) 782-0278

1

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

Federal Bar. No. ct05106
E-Mail: hkeefe@ltke.com

## II.    Jurisdiction

The Plaintiff claims jurisdiction of this Court pursuant to Title 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1343 (deprivation of civil rights) 42 U.S.C. §1983 and 42 U.S.C. §1988.

## III.    Jury/Non-Jury

This case is claimed to a jury.

## IV.    Nature of Case

The plaintiff seeks money damages pursuant to 42 U.S.C. §1983 for his claim that he was falsely arrested and maliciously prosecuted in violation of his constitutional rights.  The Defendants deny each of the Plaintiff's claims and claim that they are entitled to qualified immunity.

## V.    Proposed Stipulations of Fact

1.    John Cascio and Michael D'Amato were at all relevant times to this action members of the East Haven Police Department acting in the discharge of their duties as police officers and acted under color of the laws of the State of Connecticut and/or the laws of the United States.

2

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

2.     On October 29, 1997, one or more officers from the East Haven Police Department were dispatched to Laurel Woods, 451 North High Street, East Haven, CT 06512.

3.     On October 29, 1997, the defendants met and spoke with the plaintiff while at Laurel Woods.

4.     On October 29, 1997, the plaintiff was arrested and charged with Breach of Peace (C.G.S. §53a-181), Criminal Trespass in the First Degree (C.G.S. §53a-107) and Interfering with an Officer (C.G.S. §53a-167a).

## VI.    Proposed Stipulations of Law

1.     In Connecticut, a person is guilty of breach of peace "when, with the intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person: (1) Engages in fighting or in violent, tumultuous or threatening behavior in a public place; or (2) assaults or strikes another; or (3) threatens to commit any crime against another person or such other person's property; or (4) publicly exhibits, distributes, posts up or advertises any offensive, indecent or abusive matter concerning any person; or (5) in a public place, uses abusive or obscene language or makes an obscene gesture; or (6) creates a public or hazardous or physically offensive condition

3

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

by any act which such person is not licensed or privileged to do." Conn. Gen. Stat. §53a-181.

2.      In Connecticut, a person is guilty of Criminal Trespass in the First Degree "when: (1) Knowing that such person is not licensed or privileged to do so, such person enters or remains in a building or any other premises after an order to leave or not to enter personally communicated to such person by the owner of the premises or other authorized persons; or (2) such person enters or remains in a building or any other premises in violation of a restraining order issued pursuant to section 46b-15 or a protective order issued pursuant to section 46b-38c, 54-1k or 54-82r by the Superior Court; or (3) such person enters or remains in a building or any other premises in violation of a foreign order of protection, as defined in section 46b-15a, that has been issued against such person, after notice and an opportunity to be heard has been provided to such person, in a case involving the use, attempted use or threatened use of physical force against another person." Conn. Gen. Stat. §53a-107.

3.      In Connecticut, a person is guilty of Interfering with an Officer "when such person obstructs, resists, hinders or endangers any peace officer or firefighter in

4

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

the performance of such peace officer's or firefighter's duties."  Conn. Gen. Stat. §53a-167a.

4.      Every person who, under color of any statute … of any state … subjects or causes to be subjected any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution shall be liable to the party injured … Title 42 U.S.C. §1983.

5.      A person is not justified in interfering with an arrest by a reasonably identifiable police officer, whether such arrest is legal or not.

6.      A person is not justified in using physical force to resist an arrest by a reasonably identifiable police officer, whether such arrest is legal or not.

7.      A Constitutional violation does not occur where the plaintiff was injured due to the negligence of the defendants.

8.      The defendants' actions are not to be judged with "20-20 hindsight." Police officers must make instant judgments, often while engaged in a physical struggle. The law does not punish police officers for mistakes in judgment in such circumstances.

9.      A qualified immunity defense is available to a police officer accused of false arrest and malicious prosecution.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

10.    A police officer is entitled to qualified immunity if his conduct did not violate a clearly established right of the plaintiff of which a reasonable person would have known, or it was objectively reasonable for him to believe that his acts did not violate clearly established rights of the plaintiff.

11.    The law of qualified immunity is that even if the plaintiff proves that the defendants falsely arrested or maliciously prosecuted him, the plaintiff cannot prevail if the defendants have proved that it was "objectively reasonable" for them to believe that their acts did not violate the plaintiff's rights.

## VII.    Plaintiff's Contentions

The plaintiff, Randall Holman, alleges that the defendants violated his Fourth Amendment right to be free from false arrest and malicious prosecution, causing him emotional distress and economic loss.  He seeks compensatory damages, punitive damages, attorney fees and costs.

## VIII.    Defendants' Contentions

The Defendants, John Cascio and Michael D'Amato, deny each and every one of the Plaintiff's claims set forth in his complaint.  The Defendants also submit that they

6

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

are immune from suit under the law because they acted reasonably and in good faith under the circumstances.

## IX.    Legal Issues

1.     Did the defendants, John Cascio and Michael D'Amato, deprive the plaintiff, Randall Holman, of his rights under the Fourth Amendment to the United States Constitution by falsely arresting and/or maliciously prosecuting the plaintiff?

2.     Were any and all of the plaintiff's injuries or damages the result of his own conduct in unlawfully and violently resisting arrest, refusing to obey lawful orders of police officers and/or refusing to cooperate with police officers in the performance of their lawful duties?

**OBJECTION:**     Plaintiff objects to this legal issue as being argumentative.

3.     Are the defendants entitled to qualified immunity for their actions?

4.     Did the defendants act within the scope of their duties under the law in reasonably and in good faith believing that the plaintiff had violated the laws of the State of Connecticut?

**OBJECTION:**     Plaintiff objects to this legal issue as being argumentative.

7

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

## X.     Voir Dire Questions

### A.     Plaintiff's Proposed Voir Dire Questions:

1.      This is a lawsuit for civil rights violations brought by a citizen against police officers.  Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2.      Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3.      Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against police officers?  If so, please explain.

**OBJECTION**:  The defendants object to this voir dire question on the grounds that it is vague and argumentative.

4.      Have you or anyone close to you ever been employed as a policeman or by any law enforcement agency in any capacity?  If so, please explain.

5.      Have you or anyone close to you ever been employed by any municipality in the State of Connecticut?

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum (Revised) 11-06.DOC

6.    Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

7.    Do you know or have you read anything or heard anything about this case, the plaintiff or the defendants or any of the lawyers involved in the case?

8.    Has anyone here ever served as an appointed or elected official of state, city or local Government?

9.    Has anyone here or anyone close to you ever been involved in any political campaigns or elections in the State of Connecticut?

10.    Has anyone here or any close to you ever been employed by an attorney?

11.    Would you for any reason tend to favor one side or the other in this case or in regard to the evidence which may be presented?

12.    Other things being equal, would you tend to trust or believe the testimony of a police officer more or less than that of an ordinary citizen merely because the testimony came from a police officer?

13.    Does anyone here have any feeling that the testimony of a police officer is entitled to greater or lesser weight or believability than that of a civilian?

14.    Have you or anyone close to you ever been the victim of a crime?

9

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum (Revised) 11-06.DOC

15.    Does anyone here belong to any club or organization which in any way is interested in the enforcement or the change of any law or laws or which is in any other way concerned with policemen or law enforcement?

16.    Have you or anyone close to you ever been arrested?

17.    Has anyone here ever witnessed an arrest?

18.    Have you, or has anyone close to you, ever been a party to a lawsuit?  If so, please explain.

19.    Where are you employed?

20.    If you are married, is your spouse connected in any way with any police department or other law enforcement agency or is he or she employed by any municipality?

**B.    Defendants' Proposed Voir Dire Questions:**

(Prior to commencement of jury selection, the Defendants may submit additional proposed questions and/or delete one or more of the following questions).

1.    Has anyone here, or any relative or friend of anyone here, filed any complaint against any police officer for any reason?  If so, please explain.

10

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum (Revised) 11-06.doc

2.      Has anyone here, or any relative or friend of anyone here, brought any lawsuit against any police officer for any reason?  If so, please explain.

3.      Has anyone here, or any relative or friend of anyone here, ever brought a lawsuit against a police department, city or town for any reason?  If so, please explain.

4.      Has anyone here, or any relative or close friend of anyone here, ever had an unpleasant experience with any police officer or any other law enforcement agent?  If so, please explain.

5.      Has anyone here ever sat on a jury in which there has been an allegation of police wrongdoing?  If so, please explain.

6.      Has anyone here, or any relative or close friend of anyone here, ever been arrested for any reason by any police officer, including traffic arrests?  If so, please explain.

7.      Besides sitting on a jury involving an allegation against a police officer, have any of you sat on any other type of jury before?

        (a)     Was it civil or criminal?

        (b)     Did it go to a verdict?

        (c)     State what court it was in and when.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

8.    In this lawsuit, the plaintiff must prove his case by a preponderance of the evidence and if he does not, you will be instructed to return a verdict in favor of the defendants. Is there anyone here who cannot follow that instruction?

9.    Is any member of the panel familiar or know the plaintiff or the plaintiff's lawyer or the facts of this case?

10.    Have any of you ever studied law? Where? When? Do any of you have any relatives or friends who are lawyers or who are presently studying law?

11.    Is there any reason why anyone cannot sit on this case and be completely fair and impartial and decide this case strictly on the basis of the evidence that comes into this courtroom and nothing else?

## XI.    Proposed Jury Instructions

### A.    Plaintiff's Proposed Jury Instructions

1.    The plaintiff has brought this lawsuit to obtain redress for what he contends were violations of his rights under the United States Constitution, specifically his right to be free from false arrest, unreasonable arrest, malicious prosecution and unreasonable force. Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of

12

Lynch, Traub, Keefe and Errante, p. c.  Attorneys at Law
52 Trumbull Street  P.O. Box 1612  New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum (Revised) 11-06.doc

State law, deprive that individual of any of his constitutional rights.  "Acting under

color of law" means "under pretense of law," and simply means acting in one's capacity

as, in this case, a police officer.  In this case, the plaintiff has met her burden of proving

that the defendant acted under color of law, so you need not concern yourselves with

that issue.  [Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir.

1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438,

441 (6th Cir. 1975).]

**OBJECTION**:  The defendants object to any reference in the jury instructions to
"unreasonable arrest" and "unreasonable force."  The claims alleged by the plaintiff in
his complaint are false arrest and malicious prosecution.  Adding the claim
"unreasonable arrest" is misleading and will confuse the jury.  Equally important, there
is absolutely no claim of excessive force or unreasonable force in the complaint and the
jury should not be instructed on such.  Instructing the jury on an unreasonable force
claim is prejudicial to the defendants and impermissible.
      The defendants also object to the last sentence stating that "the plaintiff has met
her burden of proving" as argumentative.  Rather, the parties have stipulated that the
defendants acted under color of law.

      2.      It is not necessary to find that the defendant had any specific intent to

deprive the plaintiff of her civil rights in order to find in favor of the plaintiff.  The

plaintiff is entitled to relief if the defendant intended the actions which resulted in the

violation of the plaintiff's rights or if the defendant acted in reckless disregard of the

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

plaintiff's rights.  Reckless disregard of the plaintiff's rights simply means not caring

whether or not those rights were being violated.  [Merriwether v. Coughlin, 879 F.2d

1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v.

Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th

Cir. 1990) (Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v.

City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528

(D. Conn. 1993) (Cabranes, J.).]

**OBJECTION**:  The defendants object to this instruction because it requires the jury to
determine each officer's subjective intent whereas the appropriate inquiry on the false
arrest and malicious prosecution claims is an objective one.  Instructing the jury
regarding subjective intent is clear error.  Mosley v. Wilson, 102 F.3d 85, 94-95 (3rd Cir.
1996); Miller v. Lovett, 879 F.2d 1066, 1070 (2d Cir. 1989), *abrogated on other grounds*,
(subjective concepts have no proper place in the inquiry).

      3.      The testimony of a police officer is entitled to no special or exclusive

sanctity.  An officer who takes the witness stand subjects his testimony to the same

examination and the same tests that any other witness does and in the case of police

officers you should not believe them merely because they are so employed.  You should

recall their demeanor on the stand, their manner of testifying, the substance of their

testimony, and weigh and balance it just as carefully as you would the testimony of any

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

other witness. People employed by the government, including police officers, do not

stand in any higher station in the community than other persons, and their testimony is

not entitled to any greater weight. [Wright & Havanich, CONN. JURY

INSTRUCTIONS, (2d Ed.) §667.]

**OBJECTION**: The defendants object to the portion of this instruction stating "and in
the case of police officers you should not believe them merely because they are so
employed" on the grounds that this is misleading and argumentative.

    4.    If you find that the defendant is liable to the plaintiff on any of the

grounds advanced in this lawsuit, you should then consider the question of damages.

There are essentially two kinds of damages which can be awarded in a lawsuit --

compensatory damages and punitive damages. Compensatory damages are designed

to compensate the plaintiff for injuries suffered by the plaintiff. These injuries include

money actually spent or debts incurred as a result of the injury, as well as emotional

anguish, impairment of reputation, personal humiliation, and other suffering. In fixing

compensatory damages you should determine the amount of money which will, in your

judgment, reasonably and fairly compensate the plaintiff for any harm of any kind

which was proximately caused by the wrongful conduct of the defendant. Among the

elements of injury and harm for which compensation may be awarded are:

15

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

a) The physical harm to the plaintiff during and after the impairment or injury received, including imprisonment and loss of freedom;

b) The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future;

c) Lost wages or earnings;

d) Attorney fees or other expenses and costs of legal representation;

e) Medical bills or expenses.

Actual loss is not limited to expenses or debts incurred. Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated. The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you. [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981);

16

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135

(11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v.

Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533

A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

**OBJECTION**:  The defendants object to that portion of this instruction stating that
compensatory damages could be awarded for "other suffering" and for "any harm of
any kind" on the grounds that such is misleading, argumentative and ambiguous.

    5.    You may also decide whether the plaintiff is entitled to the award of any

punitive damages.  In a case like this one, you may consider whether acts or omissions

of the defendant, if you find them to have been proved, were so serious that the

defendant should pay a penalty so that in the future others will be deterred from

engaging in the same conduct.  Whether you decide to award any punitive damages

should be based on whether you find that the defendant engaged in any one of the

following things:

    1)  Willful or malicious violation of the constitutional rights of the plaintiff;

    2)  Any intentional act by the defendant in gross disregard of the rights of the

plaintiff;

17

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

3)  Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages.  [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir. 1991); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990).]

**OBJECTION**:  The defendants object to this instruction on the grounds that No. 2 and No. 3 are repetitive and confusing.  In addition, the defendants object to that portion instructing the jurors that they "should" award punitive damages as such is contrary to the law, improper and prejudicial.

6.     The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community.  In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case.  These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case.

Lynch, Traub, Keefe and Errante, p. c.  Attorneys at Law
52 Trumbull Street  P.O. Box 1612  New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum (Revised) 11-06.doc

[Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).]

**OBJECTION**: The defendants object to this instruction as improper, vague, misleading and argumentative. The law does not permit a jury to consider the same factors which a trial judge would consider in imposing a sentence in a criminal case in order to determine whether punitive damages should be awarded. At sentencing, a defendant has been convicted of a crime. The defendants here deny all of the plaintiff's claims. Allowing such an instruction would be clear error and prejudicial to the defendants.

    7.    Police officers have an affirmative duty to enforce the law and preserve the peace. This includes stopping other police officers from violating the law. A police officer may not ignore the duty imposed by his office and fail to stop other officers who illegally arrest or search a third person in his presence. Thus, if you find that any police officer, whether or not named as a defendant, violated any of the civil rights of the plaintiff, and that the defendant did nothing to prevent it, although in a position to do so, then the defendant himself is liable for that unlawful act. [Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982); Zapico v. Bucyrus-Erie Co., 579 F.2d 714, 718 (2d Cir. 1978); Bruner v. Dunaway, 684 F.2d 422 (6th Cir 1982); Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972).]

**OBJECTION**: The defendants object to this instruction as misleading, confusing and argumentative. A duty to prevent other officers from violating a citizen's constitutional

19

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

rights arises <u>only</u> if the defendants actually witnessed another officer violate plaintiff's rights and had a "realistic opportunity" to prevent such violation. <u>Waananen v. Barry</u>, 343 F.Supp.2d 161 (D.Conn. 2004) *citing* <u>O'Neill v. Krzeminski</u>, 839 F.2d 9, 11 (2d Cir. 1988).

8.    When two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants. The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another. Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages. All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him. Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even though it be a tacit one. [Prosser, <u>Law of Torts</u>, Section 46, pp. 291-95 (4th Ed. 1971); <u>Gagnon v. Ball</u>, 696 F.2d 17 (2d Cir. 1982).]

**OBJECTION**: The defendants object to this instruction on the grounds that it is improper, misleading, confusing to the jury and argumentative.

20

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

9.     Conduct of a defendant, including statements knowingly made and acts knowingly done after an allegedly wrongful act, may be considered by the jury in the light of all other evidence in the case in determining whether or not the defendant has acted wrongfully.  When a defendant voluntarily and intentionally offers an explanation, or makes some statement tending to show his innocence, and this explanation or statement is later shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of wrongdoing.  Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.  Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of wrongdoing or a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury. A statement or act is "knowingly" done, it made or done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.   [Fernandez v. Fitzgerald, 711 F.2d 485 (2d Cir. 1983); United States v. McDougald, 650 F.2d 532 (4th Cir. 1982); Government of Virgin Islands v. Testamark, 570 F.2d 1162 (3d Cir 1978);

Lynch, Traub, Keefe and Errante, p. c.  Attorneys at Law
52 Trumbull Street  P.O. Box 1612   New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum (Revised) 11-06.doc

United States v. Barresi, 601 F.2d 193 (5th Cir. 1979); United States v. Wood, 550 F.2d

435 (9th Cir. 1976); Opper v. United States, 348 U.S. 84, 92 (1954); Wilson v. United

States, 162 U.S. 613, 620-21 (1896); United States v. DeAlesandro, 361 F.2d 694, 697-98

(2d Cir. 1966), cert. denied, 385 U.S. 842 (1967).]

**OBJECTION**:  The defendants object to this instruction on the grounds that it is
improper, misleading and argumentative.  An instruction to draw such inferences
invites error.

      10.    If you find that the defendant not only made a false statement or

explanation tending to show his innocence, but has made that statement to a law

enforcement officer, then you may consider that to be evidence not only of the

defendant's consciousness of his own wrongdoing but independent evidence that in fact

he did violate the plaintiff' rights in the manner alleged in the Complaint.  False

exculpatory statements made to law enforcement officials are circumstantial evidence

and have independent probative force.  In other words, if you find that a defendant has

knowingly made a false statement to a law enforcement officer, which if true would

have tended to establish the innocence of the defendant, you may consider that false

statement as independent evidence that the defendant actually committed the

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275    FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

constitutional violation alleged in the Complaint. [United States v. Durrani, 835 F.2d 410, 424 (2d Cir. 1987).]

**OBJECTION**: The defendants object to this instruction on the grounds that it is improper, misleading, and argumentative. An instruction to draw such inferences invites error.

11.    A police officer may not arrest a person without an arrest warrant unless he has probable cause to believe that a crime has been committed and that the person in question has committed that crime. Probable cause exists if the facts and circumstances known to the defendant, or of which he had reasonably trustworthy information, are sufficient to warrant a prudent police officer in believing that the suspect has committed a crime. The hunch, guess, conjecture or surmise of an officer is not enough, and there must be enough actual evidence to lead reasonably to the conclusion that the suspect has committed a crime. Thus, if you find that the defendant arrested the plaintiff without probable cause, you must find the defendant liable for a violation of the plaintiff's constitutional rights. [Dunaway v. New York, 442 US. 200 (1979); Brown v. Texas, 443 U.S. 47 (1979); Henry v. United States, 361 U.S. 98 (1959); Brinegar v. United States, 338 U.S. 160, 175-76 (1949); Thamel v. Town of East Hartford, 373 F.Supp. 455 (D.Conn. 1974) (Newman, J.).]

23

Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street  P.O. Box 1612   New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum (Revised) 11-06.doc

◇  **OBJECTION**: The defendants object to this instruction on the grounds that it is improper and misleading. The law does not require "actual evidence" to demonstrate probable cause. <u>U.S. v. Navarro</u>, 90 F.3d 1245 (7th Cir. 1996); <u>U.S. v. Allen</u>, 159 F.3d 832 (4th Cir. 1998).

12.     If a police officer files a false report and that report results in the prosecution of an individual, then the officer violated the constitutional right of the person reported on. Therefore, if you find that the defendant here made a material false statement in an arrest report or omitted material evidence from the report, and the false statements in, or material omissions from, that report caused the prosecution of the plaintiff, then the defendant is liable to the plaintiff. [<u>Franks v. Delaware</u>, 438 U.S. 154 (1978); <u>Golino v. City of New Haven</u>, 950 F.2d 864, 870-72 (2d Cir. 1991); <u>White v. Frank</u>, 855 F.2d 956 (2d Cir. 1988); <u>Stadium Films v. Baillargeon</u>, 542 F.2d 577 (1st Cir. 1976); <u>McCune v. City of Grand Rapids</u>, 842 F.2d 903, 907 (6th Cir. 1988); <u>Hampton v. Hanrahan</u>, 600 F.2d 600 (7th Cir. 1979).]

13.     To prevail on a claim of malicious prosecution, four elements must be shown: (1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice and, (4) the matter terminated in plaintiff's favor. [<u>Ricciuti v. New York City Transit Au-</u>

24

Lynch, Traub, Keefe and Errante, p. c. Attorneys at Law
52 Trumbull Street  P.O. box 1612  New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum (Revised) 11-06.doc

thority, 124 F.3d 123, 130 (2d Cir. 1997) Rohman v. New York City Transit Authority,

215 F.3d 208, 215-16 (2d Cir. 2000); Posr v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991);

Bonide Products, Inc. v. Cahill, 223 F.3d 141, 145 (2d Cir. 2000).]

      14.    The probable cause determination relevant to a malicious prosecution

claim differs from that relevant to a false arrest or unreasonable stop claim.  First, in a

malicious prosecution action, the relevant probable cause determination is whether

there was probable cause to believe the criminal proceeding could succeed and, hence,

should be commenced.  This determination is distinct from the question of whether

there was probable cause for the arrest or stop, though a lack of probable cause to

believe the plaintiff committed the crime in question necessarily entails a lack of prob-

able cause to commence a proceeding against him.  Second, the existence, or lack, of

probable cause is measured at a different point in time in a malicious prosecution action

than a false arrest or unreasonable stop action.  In a malicious prosecution claim, the

existence, or lack, of probable cause is measured as of the time the judicial proceeding is

commenced by the filing of criminal charges, not at the time of the preceding

warrantless arrest. [Kinzer v. Jackson, 316 F.3d 139, 144 (2d Cir. 2003); Posr v. Court

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

<u>Officer Shield # 207</u>, 180 F.3d 409, 417 (2d Cir. 1999); <u>Mejia v. City of New York</u>, 119 F.

Supp. 2d 232, 254 (E.D.N.Y. 2000) (Trager, J.).]

**OBJECTION**:  The defendants object to this instruction on the grounds that it is improper, misleading and confusing to the jury.  The cases cited by the plaintiff address whether probable cause dissipated because of the defendants' discovery of an intervening fact.  Such an instruction is inapplicable to the present case.

15.    As I stated previously, one of the necessary elements of malicious

prosecution is proof of actual malice.  Ordinarily, malice is proven by the lack of

probable cause for either the arrest or the prosecution.  [<u>Ricciuti v. New York City</u>

<u>Transit Authority</u>, 124 F.3d 123, 131 (2d Cir. 1997); <u>Lowth v. Town of Cheektowaga</u>, 82

F.3d 563, 566 (2d Cir. 1996); <u>Cox v. County of Suffolk</u>, 827 F. Supp. 935 (E.D.N.Y. 1993)

(Wexler, J.); <u>Tveraas v. Coffey</u>, 818 F. Supp. 75 (D. Vt. 1993) (Parker, C.J.).]

**OBJECTION**:  The defendants object to this instruction in that it is misleading, vague, ambiguous and confusing to the jury.  This instruction incorrectly implies that the jury is required to draw an inference of malice based on lack of probable cause.  The cases cited by the plaintiff clearly state that such an inference is not required and that lack of probable cause is not dispositive on the issue of whether malice exists.

16.    The final element of a malicious prosecution claim is that the prosecution

have terminated favorably to the plaintiff.  I instruct you that in this case the

prosecution of Mr. Holman did terminate favorably to him. [<u>Russo v. City of Hartford</u>,

Lynch, Traub, Keefe and Errante, p. c.  Attorneys at Law
52 Trumbull Street  P.O. Box 1612  New Haven, Connecticut 06508-1612
Telephone (203) 787-0275  Facsimile (203) 782-0278

184 F. Supp. 2d 169, 185-86 (D. Conn. 2002) (Hall, J.); See v. Gosselin, 133 Conn. 158, 48 A.2d 560 (1946); Murphy v. Lynn, 118 F.3d 938, 950-51 (2d Cir. 1997); Posr v. Court Officer Shield #207, 180 F.3d 409, 417-48 (2d Cir. 1999); Robers v. City of Amsterdam, 303 F.3d 155 (2d Cir. 2002); Bordeau v. Village of Deposit, 113 F. Supp. 2d 292 (N.D.N.Y. 2000) (Hurd, J.).]

**OBJECTION**:  The defendants object to this instruction on the grounds that it is improper and misleading.  The defendants have not stipulated that Mr. Holman's prosecution was terminated favorably to him and this Court has held that this issue must be decided by the trier of fact.  See 8/30/05 Ruling on Motion for Summary Judgment.  Moreover, none of the courts in the cases cited by the plaintiff instructed the jury as requested herein.  Rather, the courts analyzed whether the defendants were entitled to dismissals or summary judgments.

     B.     **Defendants' Proposed Jury Instructions**

(The Defendants reserve the right to revise this proposed jury charge based on the evidence presented at trial).

     This is a case in which the plaintiff claims that his civil rights were violated because the defendants deprived him of protections secured to him by the Constitution of the United States.  The suit is brought under a section of Federal law known as the Civil Rights Act, which provides as follows:

27

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

> Every person who, under color of any statute . . . of any state . . .
> subjects or causes to be subjected any citizen of the United
> States to the deprivation of any rights, privileges or immunities
> secured by the Constitution shall be liable to the party injured . . .

Title 42 U.S.C. § 1983.  I may refer to this claim as a "§1983 claim."

In order to prove a §1983 claim, the plaintiff must prove to you, by a preponderance of the evidence, the following three elements:  First, that the defendants acted under the color of state law.  Second, that defendants intentionally committed acts that deprived the plaintiff of a right or rights secured by the Constitution.  And third, that the acts of the defendants were the proximate, or legal, cause of the plaintiff's injuries.   As I will explain later, if the plaintiff does in fact prove these elements by a preponderance of the evidence, you will then need to consider whether the defendants raised a valid defense that their actions were legally justified by the circumstances of the case.

The first issue is not in dispute.  The defendants have stipulated that they acted under color of state law, as provided by the statute.   Therefore, at this point, you need only consider the second two issues; that is, whether the defendants deprived the

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

plaintiff, Randall Holman, of any right secured to him by the Constitution and, if so, whether the defendants' actions were the legal cause of his claimed injuries.

In this case, the plaintiff alleges that the defendants, John Cascio and Michael D'Amato, violated his constitutional rights in that they falsely arrested and maliciously prosecuted him.

## **FALSE ARREST**

In order to recover on his claim of false arrest, the plaintiff must prove by a preponderance of the evidence all of the following:

(1)    that the plaintiff's personal liberty or freedom of locomotion was restrained;

(2)    that the defendant officers lacked probable cause to restrain him;

(3)    that the plaintiff suffered injury as a direct result of that restraint; and,

(4)    that the plaintiff's criminal proceedings pertaining to the charges for which he was restrained terminated in his favor.

Please keep in mind that Connecticut law allows police officers to arrest any person for any offense in their jurisdiction without previous complaint and without a warrant when the offender shall be taken or apprehended in the act, or on the speedy

29

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

information of others.  Conn. Gen. Stat. § 54-1f.  Therefore, the fact that the officers did not have a warrant to arrest the plaintiff at the time of his arrest does not mean that the plaintiff has proven his claim of false arrest.

In this case, it is undisputed that the plaintiff was initially arrested and then released.  However, the plaintiff claims that there was no probable cause to arrest him for the crimes of breach of peace, trespass and interfering with an officer.  The defendants claim that probable cause did exist to arrest him for such crimes.

Probable cause exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.  Probable cause does <u>not</u> require absolute certainty.  Thus, the question is did the defendant officers have sufficient information to warrant a reasonable belief that the plaintiff was breaching the peace, trespassing and interfering with a police officer.  If the answer to this question is yes, that the officers had knowledge or sufficient information, then you must enter a verdict in the defendants' favor because the existence of probable cause is an absolute bar to a false arrest claim.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

In regards to the breach of peace charge, Connecticut law provides that a person is guilty of such when, with the intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person:  (1) Engages in fighting or in violent, tumultuous or threatening behavior in a public place; or (2) assaults or strikes another; or (3) threatens to commit any crime against another person or such other person's property; or (4) publicly exhibits, distributes, posts up or advertises any offensive, indecent or abusive matter concerning any person; or (5) in a public place, uses abusive or obscene language or makes an obscene gesture; or (6) creates a public or hazardous or physically offensive condition by any act which such person is not licensed or privileged to do.  Conn. Gen. Stat. §53a-181.  Therefore, if you find that Officer Cascio and Officer D'Amato had knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution to believe that the plaintiff committed a breach of peace, then the plaintiff's false arrest claim in this regard fails.

In regards to the charge of criminal trespass, Connecticut law provides that a person is guilty of such when, knowing that such person is not licensed or privileged to do so, such person enters or remains in a building or any other premises after an order to leave or not to enter is personally communicated to such person by the owner of the

31

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum (Revised) 11-06.DOC

premises or other authorized persons. Conn. Gen. Stat. §53a-107. Thus, if you find that the defendant officers and/or employees of the Laurel Woods facility asked the plaintiff to leave and the plaintiff failed to do such voluntarily, then the officers had probable cause to arrest the plaintiff for trespass and the false arrest claim in this regard fails.

Finally, in regards to interfering with an officer, Connecticut law provides that a person is guilty of such when such person obstructs, resists, hinders or endangers any peace officer or firefighter in the performance of such peace officer's or firefighter's duties. Conn. Gen. Stat. §53a-167a. Again, if you find that Officers Cascio and D'Amato had knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution to believe that such crime was committed by the plaintiff, then the false arrest claim in this regard fails.

Should you find that probable cause did not exist, you must determine whether the plaintiff's criminal proceedings terminated in his favor.   Proceedings are terminated in favor of the plaintiff only when the criminal proceedings' final disposition is such as to indicate that the accused is not guilty.  If the disposition leaves open the question of the plaintiff's guilt, then the criminal proceedings have not been terminated in the plaintiff's favor.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

For instance, if the plaintiff's criminal charges are disposed of pursuant to

Connecticut's accelerated pretrial rehabilitation statute, wherein a criminal defendant is

placed on probation for a certain period of time and if he successfully fulfills the terms

of the probation will have his criminal charges dismissed, then such a dismissal does

not constitute termination in the plaintiff's favor because his guilt is still open to

question. On the other hand, an acquittal based on a jury's finding that the criminal

defendant is not guilty of the charges is a disposition in the plaintiff's favor. Therefore,

the question of whether the plaintiff has established by a preponderance of the evidence

that the criminal proceedings terminated in his favor turns on whether the disposition

leaves the plaintiff's guilt open to question.

Boyd v. City of New York, 336 F.3d 72, 75-76 (2d Cir. 2003). Golino v. City of New
Haven, 950 F.2d 864, 870 (2d Cir. 1991); Presnick v. Town of Orange, 152 F.Supp. 2d 215,
221 (D.Conn. 2001) (J. Arterton); Singleton v. City of New York, 632 F.2d 185, 193 (2d
Cir. 1980); Roesch v. Otarola, 980 F.2d 850 (2d Cir. 1992).

## MALICIOUS PROSECUTION

To succeed on his claim for malicious prosecution, the plaintiff must show all of

the following:

(1)     that a prosecution was initiated against him;

33

Lynch, Traub, Keefe and Errante, p. c.  Attorneys at Law
52 Trumbull Street  P.O. Box 1612  New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum (Revised) 11-06.doc

(2)    that the prosecution was brought with malice;

(3)    that the prosecution was brought without probable cause to believe that it
       could succeed;

(4)    that the prosecution terminated in favor of the accused plaintiff; and,

(5)    that as a result of the criminal prosecution, the plaintiff sustained injury.

As with the false arrest claim, you must decide whether probable cause existed and whether the prosecution terminated in favor of the plaintiff as I have previously instructed you. If, when analyzing the false arrest claim, you found that probable cause existed and/or that the prosecution did not terminate in the plaintiff's favor, your analysis ends because such findings will bar the malicious prosecution claim. On the other hand, if you have found that probable cause did not exist and that the prosecution terminated in the plaintiff's favor, you must analyze the remaining elements of a malicious prosecution claim.

In regards to malice, malice existed if the principal motive of the defendant officers was other than a desire to bring an offender to justice. Malice is not simply the doing of an unlawful or injurious act; it implies that the act complained of was

34

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

conceived in the spirit of mischief or of criminal indifference to civil obligations. The plaintiff must prove either express/actual malice or inferred malice.

In order for the plaintiff to establish express or actual malice, the plaintiff must prove by a preponderance of the evidence that the defendant officers' actions were done with ill will or hatred, or were willfully done in a wanton or oppressive manner and in conscious disregard of the plaintiff's rights. Malice may also be inferred from a lack of probable cause if you were to find such to be lacking. However, such an inference is not a necessary one from that fact alone. In order to infer malice from a lack of probable cause, all of the circumstances pertaining to the commencement and prosecution of the criminal action must be considered and must be such as to lead reasonably to the conclusion that the defendants acted maliciously toward the plaintiff. Again, if you have found probable cause for the prosecution or that the defendants did not act with malice, you must enter a verdict in favor of the defendants.

Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003); Singer v. Fulton County Sheriff, 63 F.3d 110, 116-117 (2d Cir. 1995).

35

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

## MULTIPLE DEFENDANTS

Although there are two defendants in this action, it does not follow from that fact alone that if one is liable the other is also liable. Each defendant is entitled to a fair consideration of his own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against another defendant.

In general, unless otherwise stated, all instructions given you govern the case as to each defendant.

Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, (4th Edition) ("Devitt & Blackmar") Sec. 71.06.

## POLICE OFFICER TESTIMONY

There is testimony in this case given by law enforcement officers. Their testimony is entitled to no special sanctity or suspicion. Any witness who takes the stand subjects his or her testimony to the same examination and the same tests as any other witness does. You should recall the officer's demeanor on the stand and manner of testifying, and the substance of the testimony and you must weigh and balance it just as carefully as you would the testimony of any other witness.

36

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

## **ORDER OF EVIDENCE**

There are generally two parts to the way a trial is presented. First the plaintiff presents his case and then the defendants present their case. However, it should not be of concern to you whether particular evidence comes in during the plaintiff's case or during the defendants' case. The evidence will be presented in the manner and sequence the Court and the attorneys deem necessary and appropriate. You must consider all the evidence that the Court determines is properly admitted, and give it such weight as you deem appropriate.

You have to be concerned with competing interests, both of which are important. On the one hand, there is the interest of the defendant police officers in the proper performance of their duties including the protection of their own safety and the protection of the rights of other persons. On the other hand, there is the interest of the plaintiff to enjoy his constitutional rights. Now, I do not mean to suggest that the plaintiff should win simply because he was arrested and later not convicted of those charges. Nor do I mean to suggest that the defendants should win simply because they were on duty and acting as police officers. There are standards for you to apply and the law tries to accommodate the competing interests of the citizens and the police officer.

37

Lynch, Traub, Keefe and Errante, p. c.  Attorneys at Law
52 Trumbull Street  P.O. Box 1612  New Haven, Connecticut 06506-1612
Telephone (203) 787-0275  Facsimile (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum (Revised) 11-06.doc

It is not necessary to find that the defendants had any specific intent to deprive the plaintiff of his constitutional rights. The plaintiff is entitled to relief if the defendants' intended <u>actions</u> resulted in violation of his rights. That is to say, it would be enough to find that defendants intended to perform acts that violated the plaintiff's rights. It is generally not necessary to find that the defendants knew their acts violated his constitutional rights.

## QUALIFIED IMMUNITY

If the plaintiff has failed to prove all of his claims against John Cascio and Michael D'Amato by a preponderance of the evidence; then the plaintiff may <u>not</u> recover on any of his claims and you need not deliberate any further.

> <u>Russo v. Coppola</u>, United States District Court, District of Connecticut, Civil No. 3-93-1734 (AHN), Jury Charge.

But, even if you were to find that the plaintiff proved one or more of his claims against John Cascio or Michael D'Amato, the defendants still may not be liable to the plaintiff if the defendants are entitled to what is called <u>qualified immunity</u>. A jury must find that a police officer is entitled to qualified immunity if his conduct did not violate a clearly established right of the plaintiff of which a reasonable person would have

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

known, or it was objectively reasonable for him to believe that his acts did not violate

clearly established rights of a suspect.

> Posr v. Dohery, 944 F.2d 91 (@d Cir. 1991);  Calamia v. City of New York,
> 879 F.2d 1025 (2d Cir. 2989); Finnegan v. Fountain, 915 F.2d 817 (1990).

The law of qualified immunity is that even if the plaintiff proves that the

defendants falsely arrested or maliciously prosecuted him, the plaintiff cannot prevail if

the defendants have proved to you that it was "objectively reasonable" for them to

believe that their acts did not violate the plaintiff's rights.  The immunity accorded

police officers by this rule is a defense to all but the plainly incompetent or those who

knowingly violate the law.  If police officers of reasonable competence could disagree

on the legality of the defendants' actions, the defendants are not liable.  Specifically, if

police officers of reasonable competence could disagree as to whether there was

probable cause to arrest and prosecute the plaintiff for breach of peace, trespass and

interference with a police officer, then there is arguable probable cause sufficient to

warrant qualified immunity for the defendant officers.

> Finnegan v. Fountain, supra 915 F.2d 823; Lowth v. Town of
> Cheektowage, 82 F.2d 563, 569 (2d Cir. 1996); Boyd v. City of New York,
> 336 F.3d 72 (2d Cir. 2003).

39

Lynch, Traub, Keefe and Errante, P. C.  Attorneys at Law
52 Trumbull Street  P.O. Box 1612  New Haven, Connecticut 06506-1612
Telephone (203) 787-0275  Facsimile (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum (Revised) 11-06.doc

At the time of the incident giving rise to this lawsuit, it was, of course, clearly established in the law that a person had a constitutional right to be free from false arrest and malicious prosecution. However, even where rights or where the law are clearly established, a police officer will not be liable if it was <u>objectively</u> <u>reasonable</u> for him to believe his particular acts were lawful.

> <u>Wyatt v. Cole</u>, 504 U.S. 158, 165-166 (1992); <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818-19 (1982); <u>Russo v. Coppola</u>, <u>supra</u>; <u>Finnegan v Fountain</u>, 915 F.2d 817, 823 (2d Cir. 1990).

In deciding whether the actions of the defendants were objectively reasonable, you may consider the nature of a police officer's official duties, the character of his official position, the information which was known to him or not known to him, and the event or events which confronted him. You must ask yourself how a reasonable police officer in each defendant's situation would have acted. You should <u>not</u>, however, consider what each defendant's subjective intent was, even if you believe it was to harm the plaintiff. You may also use your own common sense.

> 4 Modern Federal Jury Instructions, Instruction 87-86; <u>Russo v. Coppola</u>, <u>supra</u>.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

## GOOD FAITH DEFENSE

The defendant police officers claim that they acted in "good faith" in their capacity as police officers. In other words, even if you find some facts in favor of the plaintiff, you must find in favor of a police officer if you find that he acted in good faith. A defendant police officer acts in good faith <u>unless</u> the objective facts known to the police officer were so lacking in indications of reliability that no police officer could reasonably believe that a sufficient basis for his actions existed.

If the plaintiff first proves by a preponderance of the evidence that a sufficient basis was lacking for the police officers' actions, then and only then, do the defendants have the burden of producing some evidence that they acted in good faith. Once the defendants have produced credible evidence that they acted in good faith, even though a sufficient basis for their actions was lacking, the burden shifts back to the plaintiff to offer other evidence to overcome the evidence of good faith.

What this means here is that if you determine that the officers may have violated the plaintiff's rights, you must then determine whether they were acting in good faith in their capacities as police officers. Again, you must keep in mind that the ultimate

41

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

burden of proof is always on the plaintiff to prove by a preponderance of the evidence

that an insufficient basis for the officer's action in good faith was lacking.

> Harlowe v. Fitzgerald, 457 U.S. 800 (1982); Malley v. Briggs, 475 U.S. 335
> (1986).

### DAMAGES

Now, if you have found that the plaintiff has proven by a preponderance of the

evidence that one or more of the defendants unlawfully subjected the plaintiff to false

arrest or malicious prosecution, and you find that the defendants are not entitled to

qualified immunity and that they did not act in good faith, then you may at this point,

and only at this point, consider what compensatory damages if any, are due to the

plaintiff.

Of course, the fact that I give you instructions on damages should not be taken as

an indication that I think damages should, or should not, be awarded.  That is a

determination which is left entirely to the jury.  I am instructing you on principles

governing damage awards so that, in the event you should find any of the defendants

liable, you will know on what basis to consider an award of damages.

42

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

◇ You may only award those damages which the plaintiff has proven by a preponderance of the evidence to have suffered, and which was proximately caused by the defendants' conduct. Conduct is considered a proximate cause if it was a direct and substantial factor in causing the injury.

Compensatory Damages. There are two kinds of damages that you may consider. The first is compensatory damages: a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct. You may consider any dollar loss suffered, such as for medical expenses or lost wages, as well as a reasonable amount to compensate for any pain, suffering, or embarrassment which you find to have occurred. You may also, if you find it warranted, award plaintiff only "nominal" damages, of one dollar or more. In fact, you may not award more than nominal damages unless the plaintiff has demonstrated *actual injury* as I have defined it. The law does not recognize an abstract or inherent monetary value for a constitutional right.

> Memphis Community School District, et al. v. Stachura, 54 U.S.L.W.
> 4771 (June 25, 1986); Carey v. Piphus, 435 U.S. 247 (1978); McKenna
> v. Peekskill Housing Authority, 647 F.2d 332, 335, 337 (2d Cir., 1978);
> David v. Village Park II Realty Co., 578 F.2d 461 (2d Cir. 1978);
> Crawford v. Garnier, 719 F.2d 1317 (7th Cir. 1983); Families Unidas v.

◇

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

Briscoe, 619 F.2d 391, 402 (5th Cir., 1980); Jordan v. Dellway Villa of Tenn. Ltd., 661 F.2d 588, 594 (6th Cir., 1981); Bush v. Muncy, 659 F. 2d 77, 79 (6th Cir. 1981).

Punitive Damages.  Only if you decide to award compensatory damages to the plaintiff, may you then consider whether or not to award punitive damages to that plaintiff.  The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some extraordinary or outrageous misconduct, and to serve as an example or warning to others not to engage in wrongful conduct.  If you find the issues in favor of a plaintiff and award compensatory damages on a particular claim, and if you further find that the acts of the particular defendant liable on that claim were done because of his maliciousness, or his reckless or callous disregard of or indifference to the rights or safety of others, then you may award punitive damages as you find proper.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury.  However, you must bear in mind that punitive damages are allowed only if you have first found that the plaintiff is entitled to compensatory damages, even if such damages are nominal.  You must also bear in mind that the law requires that punitive damages, if awarded, must be fixed with calm

44

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

discretion and sound reason, and you should take into consideration any evidence of the defendants' net worth and thus the relative impact on the defendants' livelihood. Punitive damages must never be either awarded, or fixed in amount, because of bias, sympathy or prejudice with respect to any party to the case.

Smith v. Wade, 461 U.S. 30 (1983); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).

## ATTORNEY'S FEES

Your decision on what damages to award, if any, should not be influenced by the attorney's fees to which counsel may be entitled. I instruct you that attorney's fees for services in this lawsuit are not a proper element of damages and may not be a part of your deliberations. Attorney's fees are a matter for the Court's consideration and may be awarded by the court to counsel over and above damages awarded to a party. Such an award of attorney's fees is, however, for the Court to determine.

Instruction given by Honorable Jose A. Cabranes in Bodner v. Haeckel, Civil No. N-86-338 (JAC).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

## XII.    List of Witnesses

### A.    Plaintiff's Proposed Witnesses

1.    Randall Holman, Sr., plaintiff, will testify concerning all of the events in this case and concerning damages.  2.0 hours.

2.    Randall Holman, Jr., plaintiff's son, will testify concerning all of the events in this case.  1.0 hour.

3.    Lisa Holman, plaintiff's wife, will testify concerning all of the events in this case, and damages.  2.0 hours.

### B.    Defendants' Proposed Witnesses[1]

a.    Officer John Cascio, East Haven Police Department, 471 North High Street, East Haven, CT 06512.  Officer Cascio is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incident at issue.  Expected length of testimony: 1.5 hours.

b.    Officer Michael D'Amato, East Haven Police Department, 471 North High Street, East Haven, CT 06512.  Officer D'Amato is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incident at issue.  Expected length of testimony: 1.5 hours.

c.    Randall Holman, the plaintiff.  Expected length of testimony:  2 hours.

---

[1] The Defendants reserve their right to supplement and/or delete witnesses as the case develops.

46

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

d. Lisa Holman, plaintiff's wife, 87 Shinar Mountain Road, Washington Depot, CT 06794. Mrs. Holman is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incident at issue. Expected length of testimony: 2 hours.

e. Margaret Z. Dwyer, 484 West Woods Road, Hamden, CT 06518. Ms. Dwyer is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incident at issue. Expected length of testimony: 1.5 hours.

f. Eleanor Andrews, plaintiff's mother, North Haven, CT. Mrs. Andrews is expected to testify as to her knowledge of the facts and circumstances surrounding the incident at issue. Expected length of testimony: 1.0 hour.

g. Suzanne Rossotto, 1640 Sherman Avenue, Hamden, CT. Ms. Rossotto is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incident at issue. Expected length of testimony: 1.5 hours.

h. John Tarutis, 58 High Street, Guilford, CT. Mr. Tarutis is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incident at issue. Expected length of testimony: 1.0 hour.

i. Stephen Whalen, 116 Montowese Street, Branford, CT 06405. Attorney Whalen is expected to testify as to his knowledge of the facts and circumstances prior to and surrounding the incident at issue. Expected length of testimony: 1.0 hour.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET P.O. BOX 1612 NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275 FACSIMILE (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum (Revised) 11-06.doc

j.  Richard Onofrio, 475 Quinnipiac Avenue, North Haven, CT 06473.  Mr. Onofrio is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incident at issue.  Expected length of testimony:  30 minutes.

k.  Sergeant Liquori, East Haven Police Department, 471 North High Street, East Haven, CT 06512.  Sergeant Liquori is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incident at issue.  Expected length of testimony:  1.5 hours.

l.  Sergeant Celentano, East Haven Police Department, 471 North High Street, East Haven, CT 06512.  Sergeant Celentano is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incident at issue.  Expected length of testimony:  1.5 hours.

m.  Honorable Philip A. Scarpellino, 101 Lafayette Street, Hartford, CT 06106.  Judge Scarpellino is expected to testify as to his knowledge of the facts and circumstances regarding the charges arising out of the incident at issue.  Expected length of testimony:  1.0 hour.

n.  Robert Mislow, 451 North High Street, East Haven, CT 06512.  Mr. Winslow is expected to testify as to his knowledge of the facts and circumstances surrounding the incident at issue.  Expected length of testimony:  30 minutes.

## XIII.  List of Exhibits

### A.  Plaintiff's Proposed List of Exhibits

1.  Police Reports

48

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

**OBJECTION**:  The defendants object on the grounds that it is unclear which reports the plaintiff is referring to; such reports constitute hearsay; and such reports are irrelevant.

2.     Photographs of plaintiff

**OBJECTION**:  The defendants object on the grounds that photographs of the plaintiff are irrelevant to the claims at issue here (false arrest and malicious prosecution).  There is no claim of excessive force in this action.  Moreover, the plaintiff's complaint does not allege that he sustained physical injuries.  Rather, he claims to have suffered "economic loss and severe emotional distress."

3.     Court records

**OBJECTION**:  The defendants object on the grounds that it is unclear what records the plaintiff is referring to and may contain hearsay and/or irrelevant information.

**B.**     **Defendants' Proposed List of Exhibits[2]**

1.     Letter dated 12/31/96 to Judge Donegan from Attorney Stephen Whalen with an attached "Agreement for Visitation."

2.     Supplemental Agreement for Visitation signed by Toni Holman (2/28/97), Randall Holman (2/28/97), Eleanor Andrews (97) and Stephen Whalen (3/3/97).

3.     Letter dated 10/28/97 from Attorney Stephen Whalen to Honorable John E. Donegan.

49

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

### XIV.  Deposition Testimony

The parties do not expect any witnesses to testify by way of deposition.

### XV.  Anticipated Evidentiary Problems

The parties do not anticipate any evidentiary problems except those noted above regarding the exhibits.

### XVI.  Trial Time

The parties estimate that the trial will require one week, inclusive of jury deliberations.

### XVII. Further Proceedings

The parties do not foresee any further proceedings prior to trial.

### XVIII. Election for Trial by Magistrate

The Defendants do not agree to have the case tried by a United States Magistrate.

### XX.  Statement in Lieu of Opening Statement

#### A.  Plaintiff

None.  Plaintiff requests opening statements.

---

² The Defendants reserve their right to supplement and/or delete exhibits as the case

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

## B.   Defendants

The Defendants hereby request an opportunity to present an opening statement to the jury. Notwithstanding, pursuant to this Court's rules and with the intent for the following not to be considered a waiver of said request, the Defendants submit the following in lieu of an opening statement.

The Defendants, John Cascio and Michael D'Amato, deny all of the Plaintiff's claims set forth in his complaint. The Defendants also submit that they are immune from suit under the law because they acted reasonably and in good faith under the circumstances.

## XXI:  Verdict Form

The Defendants' proposed jury verdict form is attached.

## XXII: Statement to Jury Panel

The plaintiff is this case is Randall Holman and the defendants are Officers John Cascio and Michael D'Amato from the East Haven Police Department. The plaintiff was arrested on October 29, 1997 for breach of peace, criminal trespass in the first degree, and interfering with an officer. Thereafter, the plaintiff alleges that the three

develops.

51

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

criminal charges were nolled by an Assistant State's Attorney.  The plaintiff here claims that the defendants violated his Fourth Amendment rights by falsely arresting and maliciously prosecuting him.  The defendants deny the plaintiff's claims and assert that they are entitled to qualified immunity.

THE PLAINTIFF
RANDALL HOLMAN

BY:_____
     JOHN R. WILLIAMS (ct00215)
     51 Elm Street
     New Haven, CT 06510
     (203) 562-9931
     Fax:  (203) 776-9494
     E-Mail:  jrw@johnrwilliams.com

THE DEFENDANTS
JOHN CASCIO and MICHAEL D'AMATO

BY: _____
     HUGH F. KEEFE, ESQ.
     52 Trumbull Street,
     P.O. Box 1612
     New Haven, CT 06596
     (203) 787-0275
     Federal Bar No. CT05106

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RANDALL C. HOLMAN                    :         CASE NO. 3:02-CV-1523(CFD)
                                     :
V.                                   :
                                     :
JOHN CASCIO and MICHAEL D'AMATO      :         NOVEMBER 2, 2006

## DEFENDANTS' PROPOSED VERDICT FORM

(The Defendants reserve the right to revise this proposed verdict form based on the evidence presented at trial).

WE THE JURY UNANIMOUSLY FIND AS FOLLOWS:

**I.      False Arrest as to John Cascio**

Has the plaintiff proven by a preponderance of the evidence his false arrest claim against Officer John Cascio?

_____ Yes                    _____ No

Proceed to Part II.

**II.     False Arrest as to Michael D'Amato**

Has the plaintiff proven by a preponderance of the evidence his false arrest claim against Officer Michael D'Amato?

_____ Yes                    _____ No

53

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

Proceed to Part III.

**III.    Malicious Prosecution as to John Cascio**

Has the plaintiff proven by a preponderance of the evidence his malicious prosecution claim against Officer John Cascio?

_____ Yes          _____ No

Proceed to Part IV.

**IV.    Malicious Prosecution as to Michael D'Amato**

Has the plaintiff proven by a preponderance of the evidence his malicious prosecution claim against Michael D'Amato?

_____ Yes          _____ No

If you answered "No" to Parts I-IV, proceed to Part VIII.  If you answered "Yes" to either Part I or Part III, or "Yes" to both Part I and Part III, proceed to Part V.  If you answered "Yes" to either Part II or Part IV, or yes to both Part II and Part IV, proceed to Part VI.

**V.    Qualified Immunity as to John Cascio**

Has Officer John Cascio proven that he is entitled to qualified immunity?

\_\_\_\_\_ Yes          _____No

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

If you answer "Yes" to Part V, proceed to part VIII.  If you answer "No" to Part V, proceed to Part VII.

## VI.    Qualified Immunity as to Michael D'Amato

Has Officer Michael D'Amato proven that he is entitled to qualified immunity?

_____ Yes            _____No

If you answer "Yes" to Part VI, proceed to part VIII.  If you answer "No" to Part VI, proceed to Part VII.

## VII.    Damages

**Please note:  Do <u>not</u> complete this section if you have concluded that the defendants are not liable to the plaintiff on any of his claims.**
**Please note:   You <u>cannot</u> award both compensatory and nominal damages.**

A.     With respect to the defendant John Cascio, has the plaintiff proven by a preponderance of the evidence that he sustained injury or damage as a result of the wrongful conduct of the defendant?

_____ Yes            _____ No

B.     If your answer to Question VIIA is "Yes," what is the total amount of compensatory damages you determine to be fair, just and reasonable?

Compensatory Damages        $_____

55

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

C.    If you answered "No" to Question VIIA (meaning you have found that Officer Cascio violated the plaintiff's constitutional rights but have also determined that the plaintiff suffered no injury), you must award nominal damages in the amount of one dollar ($1.00).  Please enter that amount.

Nominal Damages                    $_____

D.    With respect to the defendant Michael D'Amato, has the plaintiff proven by a preponderance of the evidence that he sustained injury or damage as a result of the wrongful conduct of the defendant?

_____ Yes          _____ No

E.    If your answer to Question VIIA is "Yes," what is the total amount of compensatory damages you determine to be fair, just and reasonable?

Compensatory Damages               $_____

F.    If you answered "No" to Question VIIA (meaning you have found that Officer D'Amato violated the plaintiff's constitutional rights but have also determined that the plaintiff suffered no injury), you must award nominal damages in the amount of one dollar ($1.00).  Please enter that amount.

Nominal Damages                    $_____

56

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\HOLMAN, RANDALL\JOINT TRIAL MEMORANDUM (REVISED) 11-06.DOC

G.    Has the plaintiff proven by a preponderance of the evidence that Officer Cascio's and/or Officer D'Amato's actions were motivated by maliciousness or callous disregard to plaintiff's rights?

_____ Yes          _____ No

H.    If your answer to Question VIIG is "Yes," what is the total amount of punitive damages you determine to be fair, just and reasonable?

Punitive Damages     $_____

**VIII.** You have now completed your deliberations.  Please sign and date this form.

Dated at Hartford, Connecticut, this _____ day of _____, 200\_\_\_.

_____
FOREPERSON

57

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Holman, Randall\Joint Trial Memorandum (Revised) 11-06.DOC