

**Hon. Christopher F. Droney**
**United States District Judge**

# PROPOSED JURY INSTRUCTIONS

### CASE: Randall C. Holman v. John Cascio & Michael D'Amato, 3:02 CV 1523 (CFD)

1

## SECTION I:  GENERAL INSTRUCTIONS

### Juror Attentiveness

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law.  You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.  Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

### Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it

would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

### Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening or closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said -- or what I may say in these instructions -- about the facts of this case. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether the plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. The questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should

render, or whether any of the witnesses may have been more credible that any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

### **Conduct of Counsel**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

### **Sympathy**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a

risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair

trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

### Burden of Proof - General

This is a civil case and as such the plaintiff, Mr. Holman, has the burden of proving the

material allegations of his complaint by a fair preponderance of the evidence.

If after considering all of the testimony, you are satisfied that the plaintiff has carried his

burden on each essential point as to which he has the burden of proof, then you must find for the

plaintiff on his claims. If after such consideration you find the testimony of the parties to be in

balance or equally probable, then the plaintiff has failed to sustain his burden and you must find

for the defendants. If upon a consideration of all the facts on the material allegations of the

complaint, you find that the plaintiff has failed to sustain the burden cast upon him, then you

proceed no further and your verdict must be for the defendants.

### Burden of Proof -- Preponderance of the Evidence

The party with the burden of proof on any given issue has the burden of proving every

disputed element of his claim to you by a preponderance of the evidence. If you conclude that

the party bearing the burden of proof has failed to establish his claim by a preponderance of the

evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance

of the evidence means to prove that the fact is more likely true than not true. A preponderance of

the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness

of the evidence, not to the number of witnessess or documents. In determining whether a claim

5

has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties -- that it is equally probable that one side is right as it is that the other side is right -- then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence -- he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof -- that what the party claims is more likely true than not true -- then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

### Evidence In The Case

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; any facts which are stipulated; and all exhibits received in evidence, regardless of who may have produced them.

Deposition testimony may also be received in evidence. Depositions contain sworn testimony, with counsel for each party being entitled to ask questions. Testimony produced in a deposition may be read to you in open court. Deposition testimony may be accepted by you,

subject to the same instructions which apply to witnesses testifying in open court.

To constitute evidence, exhibits must have been received or admitted into evidence. Exhibits which have been marked for identification or which were used to refresh a witness's recollection are not evidence unless they were admitted into evidence. During your deliberations, you will have the exhibits that were admitted into evidence with you in the jury room.

The questions posed by the lawyers are not evidence. It is the witnesses' answers that are evidence.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Statements, objections and arguments of counsel are not evidence in this case, because the lawyers are not witnesses. What the lawyers have said in their opening and closing statements is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

If certain evidence was received for a limited purpose, you must consider that evidence for that limited purpose only.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

### Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

7

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses -- something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.

To remind you of the example I gave you at the beginning of the case, assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. As you see, there are no windows in this courtroom. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

An inference may be drawn only if it is reasonable and logical, not if it is speculative. You are allowed to draw logical inferences from facts that you find to have been provided; but you may not go outside of the evidence to find the facts, nor to resort to guesswork or conjecture. While you may draw conclusions from proven facts, you may not draw inferences from their inferences. To aid you in better understanding this, in the rain example I used earlier, while you could infer from the wet umbrellas that it was raining, you could not infer that there was a thunderstorm as well without more evidence. In other words, you should be careful to avoid resorting to speculation, conjecture or guesswork to determine critical facts in this case.

That is all there is to circumstantial evidence. You infer on the basis of reason and

experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

### Stipulation of Facts

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

The parties have stipulated to the following facts in this case:

1.    At all relevant times the defendants, John Cascio and Michael D'Amato, were police officers employed by the East Haven Police Department.

2.    At all relevant times the defendants were acting under the color of the laws of the state of Connecticut.

3.    On October 29, 1997, one or more officers from the East Haven Police Department were dispatched to Laurel Woods, 451 North High Street, East Haven, CT 06512.

4.    On October 29, 1997, the defendants met and spoke with the plaintiff, Randall C. Holman, while at Laurel Woods.

5.    On October 29, 1997, the plaintiff was arrested and charged with Breach of Peace, in violation of Connecticut General Statutes § 53a-181, Criminal Trespass in the First Degree in violation of Connecticut General Statutes § 53a-107, and Interfering with an Officer in violation of Connecticut General Statutes § 53a-167a.

### Witness Credibility

9

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did the witness appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was the witness's demeanor -- that is, carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person said but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witnesses had to see, hear, and know the things about which they testified, the accuracy of their memory, their candor or lack of candor, their intelligence, the reasonableness and probability of their testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in

light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

## Credibility of Police Officers

The testimony of a police officer is entitled to no special or exclusive treatment. The testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating his credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he is a law enforcement officer.

## Interested Witnesses

In evaluating the credibility of the witnesses in this case, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome may create a motive to testify falsely or inaccurately in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering has an interest in the outcome of this trial, you should bear that in mind when evaluating the credibility of his or her testimony, and accept it with great care. The parties in this case have an obvious interest in the outcome of the case and therefore you should consider that and carefully scrutinize their testimony when evaluating its credibility.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, a witness's interest has affected his or her

11

testimony.

## Impeachment of Witnesses

The attorneys may argue that discrepancies in the testimony of certain witnesses are a reason for you to reject the testimony of those witnesses. Evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict him– or herself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously by you when assessing whether to credit any of the testimony of a witness who willfully testifies falsely.

It is for you to decide, based on your total impression of the witness, how to weigh any discrepancies in his or her testimony in assessing the witness's credibility in whole or in part. Remember that in assessing a witness's testimony you should use your own common sense and good judgment.

## Number of Witnesses Called is Not Controlling

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the

testimony of a greater number of witnesses on the other side.

## SECTION II:  ISSUES IN THIS CASE

Now I will turn to the specific claim made by the plaintiff, Randall C. Holman.

### Mr. Holman's Complaint

Mr. Holman, as the plaintiff in this lawsuit, has filed what the law calls a "complaint."

Mr. Holman's complaint claims, pursuant to a federal statute set forth at Section 1983 of Title 42

of the United States Code (also referred to as "Section 1983" or "42 U.S.C. § 1983") that the

defendant police officers, Mr. Cascio and Mr. D'Amato, violated his civil rights under the United

States Constitution by depriving him of the right to be free from false arrest and malicious

prosecution.


A.              Violation of Plaintiff's Civil Rights -- 42 U.S.C. § 1983

The law to be applied in this case is the federal civil rights law which provides a remedy

for individuals who have been deprived of their constitutional rights under color of state law.

The federal civil rights law found at Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom or
> usage of any State or Territory or the District of Columbia, subjects or causes to
> be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

### Purpose of 42 U.S.C. § 1983

Section 1983 creates a form of liability in favor of persons who have been deprived of

rights, privileges and immunities secured to them by the United States Constitution and federal

statutes.  Before section 1983 was enacted in 1871, people so injured were not able to sue state

officials or persons acting under color of state law for money damages in federal court.  In

14

enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

### Burden of Proof

I shall shortly instruct you on the elements of the plaintiff's Section 1983 claim. But before I do, I want to remind you again that the plaintiff has the burden of proving each and every element of his Section 1983 claim by a preponderance of the evidence. If you find that any one of the elements of the plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

### Elements of a Section 1983 Claim

To establish a claim under section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I will now examine each of the three elements in greater detail.

### 1.    First Element -- Acting Under Color of State Law

15

In this case you do not need to determine if the defendants were acting under the color of state law. The parties agree that, at all times relevant to this action, the defendants were police officers in the East Haven Police Department and were acting under color of state law. I therefore instruct you that the plaintiff has satisfied the first element of his Section 1983 claim.

## 2.    Second Element -- Deprivation of Right

The second element of the plaintiff's claim is that he was deprived of a federal right by the defendants. In order for the plaintiff to establish the second element, he must show that the defendants committed the acts alleged by the plaintiff and that those acts caused the plaintiff to be deprived of a federal right or rights.

When considering whether the defendants' actions deprived the plaintiff of a federal right or rights in this case, it is not necessary for you to find that the defendants had any specific intent to deprive the plaintiff of his constitutional rights, or that the defendants acted with malice or ill will toward the plaintiff. The plaintiff is entitled to relief if the defendants intended the actions which resulted in the violation of the plaintiff's constitutional rights. Whether the defendants acted with subjective good faith is irrelevant, and the plaintiff need not prove that the defendants had an evil heart. I will give you more instructions on state of mind later.

In this case, plaintiff claims that the defendants violated two of his federal rights: his Fourth Amendment right to be free from false arrest and his Fourth Amendment right to be free from malicious prosecution.

## False Arrest

Under the Fourth Amendment to the United States Constitution, no person may be arrested without due process of law. In other words, a person may not be arrested without

16

probable cause for such an arrest. This means that a police officer must have information that would lead a reasonable person who possesses the same official expertise as the officer to conclude that the person being arrested has committed or is about to commit a crime, whether in the police officer's presence or otherwise. The existence or non-existence of probable cause is to be judged by using an objective standard, and an officer's subjective feelings towards a person to be arrested are irrelevant to the question of whether there existed probable cause to arrest that individual. Thus, an arrest is constitutionally valid if probable cause to arrest objectively existed at the time of the arrest, even if the officer may have subjectively believed that probable cause did not exist.

The evidence supporting an officer's determination of probable cause must constitute more than rumor, suspicion, or even a strong reason to suspect a particular individual of having violated the law. However, the amount of evidence required to establish probable cause need not reach the level of evidence necessary to support a conviction. In making the determination of whether the defendants had probable cause to arrest Mr. Holman, keep in mind that the information upon which an officer may properly rely in determining whether probable cause to effect an arrest exists is not limited only to those facts of which the officer has personal knowledge. He may consider information that others have given him, and where law enforcement authorities are cooperating in an investigation, the knowledge of one officer is presumed shared by all.

In this case, Mr. Holman claims that Officers Cascio and D'Amato unlawfully arrested him at Laurelwoods Nursing Home for the misdemeanors of Breach of the Peace, Interfering with an Officer, and Criminal Trespass. These are the only charges on which his claim of

17

unlawful arrest is based. To determine that the defendants' acts caused Mr. Holman to suffer the

loss of a federal right, in this case the right to be free from unlawful arrest, Mr. Holman must

prove two elements: (1) that the officers restricted Mr. Holman's personal liberty or freedom of

movement, and (2) that the officers lacked probable cause to arrest him—that, is, you must

determine whether each of the officers acted within or outside the boundaries of his lawful

authority to make such an arrest using the reasonableness standard I just told you about. It is

sufficient if the arresting officer had probable cause to charge the plaintiff with one of these

offenses. The plaintiff has the burden of proving that the arresting officers did not have probable

cause to arrest him.

### Breach of the Peace

In order to find that probable cause existed to arrest Mr. Holman in this case for the

misdemeanor of Breach of the Peace you must find that the totality of the facts and circumstances

known to defendants Cascio and D'Amato, and of which they had reasonably trustworthy

information, were sufficient to warrant a prudent officer in believing that Mr. Holman had

committed the misdemeanor of Breach of Peace.

In this case you would be required to find probable cause that Mr. Holman had an intent

to "cause inconvenience, annoyance or alarm, or recklessly created a risk of inconvenience,

annoyance, or alarm," in one of the ways which I will describe in a moment. Before I do that,

however, keep in mind that a person acts intentionally with respect to a result or to conduct when

his conscious object is to cause such result or to engage in such conduct. A person acts

recklessly with respect to a result or to a circumstance when he is aware of and consciously

disregards a substantial and unjustifiable risk that such result will occur or that such circumstance

18

exists. This risk must be of such a nature and degree that disregarding it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. I will explain these standards in more detail in a moment.

I will now review the ways relevant to this case that an individual can breach the peace.

First, someone can be guilty of breaching the peace by engaging in fighting or in violent, tumultuous or threatening behavior in a public place. In order for a person to be guilty of breaching the peace on the basis of fighting, the actions or conduct of the person must occur in a public place, that is, a place to which the public resorts or is invited. The conduct forbidden under this section must be substantial and more than a display of bad manners. In addition to the occurrence in a public place, it must appear that there is a disturbance of the public order, or a causing of inconvenience, annoyance or alarm or the reckless creating of a risk thereof among members of the public who are in the vicinity, or that such a disturbance of the peace is imminent.

This section also prohibits "violent, tumultuous, or threatening behavior in a public place." The word "violence" is synonymous with "physical force." The word "tumultuous" has been defined in Webster's New World Dictionary as meaning "disorder, noisy or boisterous." "Threatening" is a declaration of a present intent to injure a person by the commission of an unlawful act, accompanied by conduct showing an intent to exercise such unlawful act and intent to put the threatened person in fear of bodily harm. The test is whether people of common intelligence would understand, under contemporary community standards, to be conduct of a violent, tumultuous, or threatening nature, committed with an intent or cause or tending to cause inconvenience, annoyance or alarm to others in the vicinity or to create a risk thereof.

19

Second, a person may breach the peace when he uses abusive language in a public place. Again, by "public place" I mean a place resorted to by the public or a place to which the public is invited. The alleged language used must not only occur in a public place but also, if it is language, it must be overheard by others. For these purposes, a breach of peace is threatened either because the alleged abusive language is so coarse and insulting as to create a substantial risk of provoking violence.

Third, a person may breach the peace by creating a public and hazardous condition by any act that he was not licensed or privileged to do. The act must create a public and hazardous condition. "Hazardous" means "risky, dangerous, perilous." The test is whether under contemporary community standards the defendant created a condition that was hazardous to other persons. The defendant also must not have been licensed or privileged to create the alleged condition.

### Interfering with an Officer

In order to find that probable cause existed to arrest Mr. Holman in this case for the misdemeanor of Interfering with an Officer you must find that the totality of the facts and circumstances known to the defendant officers, and of which they had reasonably trustworthy information, were sufficient to warrant a prudent officer in believing that Mr. Holman had committed the misdemeanor of Interfering with an Officer. In this case you must determine whether there was probable cause that Mr. Holman obstructed, resisted, hindered or endangered a police officer in the performance of his duties. With respect to the interference element of this offense, I just mentioned four words describing the ways interference may be committed. "Obstructs" means to interpose obstacles or impediments; to hinder, impede or in any manner

20

intrude or prevent. This word and its definition does not necessarily imply the employment of direct force or the exercise of direct means. "Resists" means to oppose by direct, active forcible or quasi-forcible means. "Hinders" means to make slow or difficult the progress of. It means to hold back, to delay, impede or prevent action. "Endangers" means to expose to danger or harm.

### Criminal Trespass in the First Degree

In order to find that probable cause existed to arrest Mr. Holman in this case for the misdemeanor of Criminal Trespass, you must find that the totality of the facts and circumstances known to the defendant officers, and of which they had reasonably trustworthy information, were sufficient to warrant a prudent officer in believing that Mr. Holman had committed the misdemeanor of Criminal Trespass. In this case you would be required to find probable cause that Mr. Holman's conduct satisfied the three elements of Criminal Trespass: (1) knowing that he was not licensed or privileged to do so (2) he entered or remained in a building or any other premises (3) after an order to leave or not to enter was personally communicated to him by the owner of the premises or other authorized person.

### Malicious Prosecution

Plaintiff alleges malicious prosecution by the defendants. A Section 1983 claim based on malicious prosecution first is generally adjudged in accordance with the four elements of the Connecticut common law tort for malicious prosecution: (1) commencement or continuation of criminal proceedings; (2) lack of probable cause; (3) existence of malice; and (4) termination of the underlying criminal prosecution in plaintiff's favor. To determine whether Mr. Holman established a lack of probable cause, you should apply the same standard I gave you for Mr. Holman's false arrest claim. When you assess whether there was probable cause for purposes of

this claim, however, you may consider everything Officers Cascio and D'Amato knew up until the time Officer Cascio filed his police report, including additional facts they learned after Mr. Holman's arrest, rather than just what they knew at the time they arrested Mr. Holman.

With regard to Mr. Holman's burden of proving the existence of malice, malice existed if Officers Cascio and D'Amato's motive in writing the police report was other than a desire to bring an offender to justice. Malice is not simply the doing of an unlawful or injurious act; it implies that the act complained of was conceived in the spirit of mischief or indifference to civil obligations.

Mr. Holman must prove that Officers Cascio and D'Amato acted with malice to succeed on his malicious prosecution claim. To do this, Mr. Holman can show that Officers Cascio and D'Amato acted with a conscious disregard of Mr. Holman's rights. You can also infer malice if you find that the officers acted without probable cause, although you are not required to draw this inference just because you find that there was no probable cause. When you consider whether the officers acted with malice, you may consider all of the circumstances pertaining to the commencement and prosecution of Mr. Holman.

In addition, Mr. Holman must prove by a preponderance of the evidence that his criminal prosecution was terminated in his favor. This element is met where the final disposition of the subject proceedings indicate that the accused is not guilty. This is because a conviction is conclusive proof of probable cause and a plaintiff may not challenge probable cause in the face of a valid judgment of conviction. However, it is sufficient if Mr. Holman shows that he was discharged without a trial under circumstances amounting to an abandonment of the prosecution without request from or by an arrangement with him.

You have heard evidence that the charges against Mr. Holman were "*nolled*" pursuant to a "*nolle prosequi*," which means literally "I will not prosecute." The effect of a *nolle prosequi* is to end pending proceedings without an acquittal and without placing the defendant in jeopardy. In contrast, a dismissal is an act of the court. A *nolle* may or may not be considered a favorable termination, depending on the context in which it occurred. For example, if state charges against Mr. Holman were *nolled* as part of a bargain between him and the state, in which the state or a possible victim received something from Mr. Holman in exchange for the charges being *nolled*, then the *nolle* is not a favorable termination for Mr. Holman. On the other hand, if charges against Mr. Holman were *nolled* without such a bargain through a unilateral action by the state prosecutor, then the *nolle* could count as a favorable termination for Mr. Holman depending on the circumstances of the prosecutor's actions. Based upon the evidence you heard in this case about the *nolled* charges against Mr. Holman, you must decide whether the *nolle* is a favorable termination for him.

Finally, for a claim of malicious prosecution under Section 1983, the plaintiff must show one additional element. The Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person--i.e., the right to be free of unreasonable or unwarranted restraints on personal liberty. Thus, to prove a claim of malicious prosecution, Mr. Holman must show some deprivation of liberty consistent with this concept of seizure, which resulted from the initiation or pendency of judicial proceedings. His underlying arrest cannot serve as the predicate deprivation of liberty when it occurs prior to arraignment and without a warrant, and therefore is not "pursuant to legal process." Mr. Holman has satisfied this element, however, if you find that his criminal prosecution placed any limitation on his liberty,

23

such as requiring court appearances or restricting his freedom to leave the state of Connecticut.

### State of Mind

I instruct you that, to establish a claim under section 1983, the plaintiff must show that the defendants acted intentionally or recklessly. If you find that the acts of the defendants were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendants.

An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. In determining whether the defendants acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the defendants acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

While there are no claims of negligence in the case, I will explain to you the meaning of a negligent action so you are able to contrast such an action with one that was done intentionally or recklessly. An act is negligent if the defendant was under a duty or obligation, recognized by

law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation. In negligence, the actor does not desire to bring about the consequences which follow, nor does he know that they are substantially certain to occur, or believe that they will. There is merely the risk of such consequences, sufficiently great to lead a reasonable person in the defendant's position to guard against them.

### 3.     **Third Element--Causation/Proximate Cause**

The third element which the plaintiff must prove to establish a constitutional claim is that the defendants' acts were a proximate cause of the plaintiff's alleged injuries. This means that if you find that the defendants deprived the plaintiff of a constitutional right or rights, you must still find that such deprivation or conspiracy was the proximate cause of the plaintiff's injuries. Proximate cause means that there must be a sufficient causal connection between the act or omission of each defendant and any injury or damage allegedly sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury; that is, if the injury or damage was a reasonably foreseeable consequence of a defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission was the proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendants. If you find that the defendants have proven by a preponderance of the evidence that the injury about which the plaintiff complains would have occurred, or did occur, in the absence of the defendants' conduct, you must find that the defendants did not proximately cause the plaintiff's

25

injuries.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if a plaintiff's injury was caused by a new or independent source of an injury, or the plaintiff's own actions, which interferes or supersedes the defendant's act or omission, and which produces a result which was not reasonably foreseeable by the defendant.

### Police Officer's Duty to Prevent Constitutional Violations

Finally, I instruct you that under some limited circumstances a law enforcement officer may be held liable for the constitutional violations of another officer. An officer is liable for any harm he could have prevented when the officer knows, or has reason to know, that another officer is violating a citizen's constitutional rights. This means that the harm to the citizen must have been preventable but the officer intentionally did not act to intercede. Additionally, to hold the uninvolved officer liable, the constitutional violation must have taken place under circumstances where it was objectively unreasonable for the officer to believe that he need not intercede because his fellow officer's conduct did not violate the citizen's rights.

### SECTION III: DAMAGES

### Multiple Defendants

In a moment I will define the types of damages you may award if you find that the plaintiff has proved liability. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not damages should be awarded in this case.

First, however, I want to make clear that you must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Although there are two defendants in this case, it does not follow that only because one defendant is liable, the other defendant is liable as well. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendant. If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that both defendants are liable for a particular injury. If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable. Thus, if you find that the defendants are both liable and they acted jointly, then you may treat them jointly for purposes of awarding damages. If you decide that both of the defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.

### Compensatory Damages

If you find that the defendants are liable to the plaintiff, then you should consider the question of damages. There are essentially two kinds of damages which can be awarded in a lawsuit – compensatory damages and punitive damages. Compensatory damages are designed to fairly and justly compensate the plaintiff for any injuries you believe he sustained as a direct consequence of the defendants' conduct. These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation,

27

personal humiliation, impairment of his faculties, the effect upon the normal use of his faculties so far as these resulted from this incident, and other pain and suffering. Thus, in fixing compensatory damages, it is for you, in the exercise of your best judgment, to determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendants.

Among the elements of injury and harm for which compensation may be awarded are:

a. Any physical harm to the plaintiff during and after the impairment or injury received, including imprisonment and loss of freedom, pain, and loss of the ability to enjoy the usual and ordinary aspects of human life.

b. Any economic harm the plaintiff suffered, including any out-of-pocket expenses or costs incurred by the plaintiff as a result of the defendants' actions.

c. Any emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future.

I remind you that actual damages must not be based on speculation or sympathy. You may award compensatory damages only for injuries that the plaintiff has proven were proximately caused by the defendants' wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiff has proven he actually suffered, or which he is reasonably likely to suffer in the future, which were a direct

28

result of the conduct of the defendants.  Furthermore, in awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  In all instances, you are to use sound discretion in fixing an award of damages, based upon the facts and circumstances in evidence.

You should also note that there are two types of compensatory damages.  The first are called economic damages.  These are the out-of-pocket expenses incurred by, or on behalf of, the injured person.  The second type of damages are called non-economic damages.  These include pain and suffering, mental anguish and disruption of the ordinary activities of life.  The plaintiff is entitled to be compensated for all of the physical pain and suffering arising out his injuries.  The assessment of these damages is solely within your province.  Factors to be considered are the incident itself, the physical suffering and anguish which you find to have resulted from the injuries sustained as a result of the incident, the injuries themselves, and past, present and future pain and suffering.

<u>**Damages for the Mere Fact of Violation**</u>

If you return a verdict for the plaintiff, but find that the plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in the nominal or token amount of one dollar.

Nominal damages must be awarded when a plaintiff has been deprived by a defendant of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation.  The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.  Therefore,

29

if you find that the plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages of one dollar.

### Causation and Damages

I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendants in violation of the plaintiff's rights. You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the defendants deprived the plaintiff of his constitutional rights, you must ask whether the plaintiff has proven by a preponderance of evidence that the deprivation caused the damage that he claims to have suffered.

If you find that the damage suffered by the plaintiff was partly the result of conduct by the defendant that was legal and partly the result of conduct by him that was illegal, you must apportion the damages between the legal and illegal conduct–that is, you must assess the relative importance of the legal and the illegal conduct and allocate the damages accordingly.

### Double Recovery and Compensatory Damages

I have said that, if you return a verdict for the plaintiff, you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct result of the conduct of the defendants. In this case, the plaintiff claims that the defendants violated his rights in a number of ways: namely, that the defendants falsely arrested the plaintiff and that they caused him to be maliciously prosecuted. If you find that the defendants did in fact violate more than one of the plaintiff's rights, you must remember, in

30

calculating the damages, that the plaintiff is entitled to be compensated only for injuries he

actually suffered. Thus, if the defendants violated more than one of the plaintiff's rights, but the

resulting injury was no greater than it would have been had the defendants violated only one of

those rights, you should award an amount of compensatory damages no greater than you would

award if the defendants had violated only one of the plaintiff's rights. If, on the other hand, the

defendants violated more than one of the plaintiff's rights and you can identify separate injuries

resulting from the separate violations, you should award an amount of compensatory damages

equal to the total of the damages you believe will fairly and justly compensate the plaintiff for the

separate injuries he has suffered.

### Punitive Damages (For Violation of Civil Rights under Section 1983)

If you award the plaintiff compensatory damages for a violation of his civil rights under

Section 1983, then you may also give a separate and additional award of punitive damages.

Punitive damages may also be awarded even if you only give the plaintiff nominal damages in

the event you find that the plaintiff has failed to establish compensatory damages. Punitive

damages are awarded, in the discretion of the jury, to punish a defendant for extreme or

outrageous conduct, or to deter or prevent a defendant and others like him from committing such

conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the

defendants were done maliciously or wantonly. An act or failure to act is maliciously done if it is

prompted by ill will or spite towards the plaintiff. An act or failure to act is wanton if done in a

reckless or callous disregard of, or indifference to, the rights of the plaintiff. The plaintiff has the

burden of proving, by a preponderance of the evidence, that the defendants acted maliciously or

wantonly with regard to his rights.

An intent to harm exists when a defendant has a conscious desire to violate constitutional rights of which he is aware, or when a defendant has a conscious desire to harm a plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused a deprivation of a constitutional right, or the failure to undertake certain acts, does not by itself establish that a defendant has a conscious desire to unlawfully deprive a plaintiff of his constitutional rights.

If you find by a preponderance of the evidence that the defendants acted with malicious intent to violate the plaintiff's constitutional rights or if you find that the defendants acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the defendants may be adequately punished by an award of compensatory damages only, or whether their conduct is so extreme and outrageous that compensatory damages are inadequate to punish the wrongful conduct. You should also consider whether compensatory damages standing alone are likely to deter or prevent these defendants from again performing any wrongful acts they may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should

consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the defendants may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the defendants should be punished for their wrongful conduct, and the degree to which an award of one sum or another will deter the defendants or persons like them from committing wrongful acts in the future.

## SECTION IV: INSTRUCTIONS FOR DELIBERATIONS

### Right To See Exhibits and Hear Testimony
### Communications With Court

You are about to go into the jury room and begin your deliberations. The exhibits will be with you in the jury room. If you want any of the testimony read, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony. I will also give you one copy of these instructions.

Your requests for testimony -- in fact any communication with the court -- should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached. I caution you, also, not to communicate to me any numerical division of how you stand during your deliberations.

### Duty To Deliberate/Unanimous Verdict

You will now return to decide the case. In order to prevail, the plaintiff must sustain his

burden of proof as I have explained to you with respect to each element of the complaint. If you find that the plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that the plaintiff failed to sustain his burden on any element of his claim, you should return a verdict against him.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

## Selection of Foreperson

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

## Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given

to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

### Verdict Form

I have prepared a verdict form for you to use in recording your decision. On the form, there are spaces to indicate your verdict on the plaintiff's claim against the defendants. Remember, each verdict must be unanimous and must reflect the conscientious judgment of each juror. You should return a verdict on each claim.

### Review of Verdict Form

I will now summarize the verdict form for you, and I invite you to review it with me, so that you will have some idea of the task before you and the method by which in due course you shall report your conclusions.

There are seven sections to this verdict form. Sections One through Three deal with Mr. Holman's false arrest claim. Section One deals with whether the defendants are liable to Mr. Holman for falsely arresting him. Section Two asks you to decide six special interrogatories regarding the false arrest claim. Section Three deals with punitive damages.

Sections Four through Six deal with Mr. Holman's malicious prosecution claim. Section Four deals with whether the defendants are liable to Mr. Holman for malicious prosecution. Section Five asks you to decide two special interrogatories regarding the malicious prosecution claim. Section Six deals with punitive damages.

35

Finally, Section Seven requires the foreperson to sign and date the verdict form.

You are to proceed through this form section by section and answer each question as directed by the form. For example, as to Section One, concerning Mr. Holman's false arrest claim, answer both parts of question number one either "Yes" or "No". If your answers to both parts of question number one are "No" proceed to Section Four of the verdict form. If your answer to either part of question number one of Section One is "Yes", you must proceed to question number two. With respect to question two, should you get there, you must put in a dollar amount next to the dollar symbol even if only nominal damages are awarded of $1.

Section Two requests that you answer certain particular questions about the false arrest claim. These questions relate to a legal issue that the Court may need to decide based on your factual findings. The questions ask you whether certain actions taken by the defendants were "objectively reasonable." I instruct you that "objectively reasonable" means that reasonably competent police officers could disagree as to the legality of the defendants' actions. You must consider this question in the context of the facts available to Officers Cascio and D'Amato at the time they acted, even if the officers' conclusions based on those facts were mistaken. So, an officer's actions are objectively unreasonable when no officer of reasonable competence could have made the same choice in similar circumstances. Please note that the defendants, Officers Cascio and D'Amato, bear the burden of proof with regard to each of the questions in this section.

Section Three deals with punitive damages regarding the false arrest claim. With respect to the first question in Section Three: if and only if you have determined that either or both of the defendants violated the United States Constitution by falsely arresting Mr. Holman, you should

indicate whether you also award punitive damages to Mr. Holman, and you should indicate what amount. If you answer "Yes", you must then fill in a dollar amount.

As to Section Four, concerning Mr. Holman's malicious prosecution claim, first answer question number one either "Yes" or "No". Then answer both parts of question number two either "Yes" or "No." If your answer to both parts of question number two is "No" proceed to Section Seven of the verdict form. If your answer to either part of question number two is "Yes," you must proceed to question number three. With respect to question three, should you get there, you must put in a dollar amount next to the dollar symbol even if only nominal damages are awarded of $1.

Section Five requests that you answer certain particular questions about the malicious prosecution claim. These questions relate to a legal issue that the Court may need to decide based on your factual findings. Again, you must decide whether certain actions taken by the defendants, Officers Cascio and D'Amato, were "objectively reasonable." For further definition of the standard "objectively reasonable" I refer you to my instruction as to Section Two of the verdict form; you are to apply the same standard of objective reasonableness to answer the questions in both of these sections. Please note that the defendants, Officers Cascio and D'Amato, bear the burden of proof with regard to each of these questions.

Section Six deals with punitive damages regarding the malicious prosecution claim. With respect to the first question in Section Six: if and only if you have determined that either or both of the defendants violated the United States Constitution by causing Mr. Holman to be maliciously prosecuted, you should indicate whether you also award punitive damages to Mr. Holman, and you should indicate what amount. If you answer "Yes", you must then fill in a

37

dollar amount.

When you have completed Sections One through Six, the foreperson should sign and date the verdict form in Section Seven.

## **Final Instruction**

Now the time has come for you to retire to the jury room. When you go to the jury room, do not begin to deliberate until you receive from the Deputy Clerk all the exhibits you are to consider and until she formally directs you to begin your deliberations.

I remind you that, at the completion of your deliberations, the foreperson should communicate to the court through a signed writing indicating that a verdict has been reached. **Please do not send me the verdict form.** Please note that you should not indicate what your verdict is, but merely state that a verdict has been reached. Then, have the foreperson bring the executed verdict form with him or her into court.

38